PEOPLE *v.* BEVERLY.

1. CRIMINAL LAW—FORMER JEOPARDY.
   One who relies on former jeopardy as bar to prosecution must show that former conviction or acquittal was for identical offense charged in second trial.

2. SAME—TEST AS TO WHETHER FORMER JEOPARDY APPLIES.
   Test to determine whether offense charged is identical with offense of which defendant was formerly convicted or acquitted is to ascertain whether facts alleged in second indictment or information would have warranted conviction on first trial. •

3. SAME—POSSESSION OF INTOXICATING LIQUOR—TIME AND QUANTITY POSSESSED NOT ELEMENTS OF OFFENSE.
   Acquittal of charge of unlawful possession of one gallon of whisky on June 18th was bar to prosecution for unlawful possession of one quart on June 17th, since time and quantity of liquor possessed are not elements of offense, and facts necessary to convict on second trial would have warranted conviction on first.

4. SAME—ILLEGAL POSSESSION CONTINUING OFFENSE.
   Having possession of intoxicating liquor for several days is one transaction and continuing offense, for which statute provides but one penalty, and therefore prosecution may not divide time of possession or amount possessed and thus create separate offenses.

Error to Monroe; Root (Jesse H.), J. Submitted April 11, 1929. (Docket No. 139, Calendar No. 33,882.) Decided June 3, 1929.

Isaac Beverly was convicted of violating the liquor law. Reversed.

*Clayton. C. Golden* and *James J. Kelley,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Edgar G. Gordon,* Special Prosecuting Attorney for Monroe county, for the people.

McDONALD, J.   The defendant was convicted on the charge of possession of one quart of intoxicating liquor on June 17, 1927.

Isaac Beverly is a farmer living in Monroe county, Michigan.   One Walter Krueger was his hired man, and lived on the farm with him.   On June 17, 1927, a man known as "Scotty," accompanied by an officer, went to the Beverly farm and purchased one quart of moonshine whisky from Krueger.   On the following day, June 18, 1927, officers searched the Beverly premises and found one gallon of moonshine whisky. Beverly was arrested, charged with the possession of the one gallon on the 18th.   Krueger was arrested, charged with the sale of one quart on the 17th.   On the trial in the circuit court, Beverly was acquitted. Krueger was a witness for him.   He testified that Beverly had no knowledge of the sale or of the presence of liquor on his premises.   Immediately after Beverly's trial, Krueger entered a plea of guilty to the sale on the 17th, and was given a prison sentence. Before being taken away, he made a confession to the officers, in which he stated that he had testified falsely in the Beverly trial, that in truth Beverly had possession of the liquor as charged by the people, and that in making the sale on the 17th, he was acting for Beverly.   The prosecuting attorney then caused a warrant to issue charging Beverly with possession of one quart of whisky on June 17th.   On the trial for this offense, he was convicted.   He says the conviction should be set aside because his acquittal on the charge of possession on June 18th is a bar to his prosecution for possession on the 17th.

This defense was raised by plea and by motion to quash the information and discharge the defendant. ` The question involves a consideration of the law of former jeopardy as applied to the facts in this case. The decisions of the courts are not harmonious, probably due to the fact that the tests commonly adopted are by no means infallible. But all hold to the general rule that one who relies on former jeopardy as a bar to a prosecution must show that the former conviction or acquittal was for the identical offense charged in the second indictment. In 8 R. C. L. p. 143, it is stated:

"The prohibition of the ancient principle of the common law and the constitutional provisions declaratory thereof, against a second jeopardy, apply only to a second prosecution for the identical act and crime both in law and fact for which the first prosecution was instituted."

To determine whether the first and second offenses are identical, the following test is commonly used:

"One test is to ascertain whether the facts alleged in the second indictment would, if given in evidence, have warranted a conviction on the first, and if this is the case, then the crimes are assumed to be identical. * * * The safest general rule is that the two offenses must be in substance precisely the same, or of the same nature or of the same species, so that the evidence which proves the one would prove the other." 16 C. J. p. 264.

Let us apply this rule to the facts of the instant case. Mr. Beverly was acquitted on a charge of unlawful possession of one gallon of intoxicating liquor on the 18th of June, 1927. Time was not an element of the offense. A conviction would have been warranted if the prosecution had shown that he had possession on the 17th. The quantity of liquor

possessed was not an element of the offense. It was just as much a crime to have one quart as to have one gallon. So, if on the former trial the evidence had shown that the defendant was in possession of one quart of liquor on the 17th of June, it would have been sufficient to warrant his conviction on the charge of being possessed of one gallon on the 18th. The second prosecution was for possession of one quart on the 17th. As we have shown, the facts necessary to convict on this second trial would have convicted on the first trial. It follows, under the rule commonly used as stated in Corpus Juris above quoted, that the offenses are identical and therefore the first prosecution is a bar to the second.

The facts in this case are that the defendant had a quantity of liquor in his barn. How much is not shown, but let us suppose that he had five gallons, and that he had it there for one week. The prosecution could not divide the time that he had possession or the amount possessed and thus create separate offenses. If the defendant could be convicted and compelled to pay a penalty for every day that he was in possession, he would have to pay seven penalties for a single offense.

Having liquor in his possession for several days was all one transaction; it was a continuing offense as long as possession existed and for such an offense the statute provides but one penalty.

It is our conclusion that the defendant's acquittal in the first case bars his prosecution under the present information.

The judgment of conviction is reversed. The defendant will be discharged.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, and SHARPE, JJ., concurred. POTTER, J., did not sit.