UNITED STATES of America,

v.

**Bardon BLIZZARD, Jr. a/k/a Buzz Blizzard, Defendant.**

**Crim. No. 92–00484–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Jan. 5, 1993.

Richard Cullen, U.S. Atty., E.D. Va., Michael E. Rich, Asst. U.S. Atty., Alexandria, VA, for plaintiff.

Daniel G. Grove, Keck, Mahin & Cate, Washington, DC, for defendant.

## MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on defendant Bardon Blizzard, Jr.'s motion to dismiss Count II of his Criminal Information charging him with "concealing and retaining" certain stolen government property in violation of 18 U.S.C. § 641 which provides in the pertinent part that:

Whoever receives, conceals, or retains the same [property stolen from the government] with intent to convert it to his use or gain, knowing it to have been embezzled, stolen purloined or converted....

18 U.S.C. § 641.

The criminal information charges defendant with committing the crime "on or about October 15, 1987." Both parties have stipulated that the stolen property came into defendant's possession on various occasions between May, 1981 and October, 1982 and that he knew that it was stolen or embezzled at that time. The property continued in defendant's possession until October 15, 1987 when it was seized by the United States pursuant to a search warrant. On October 2, 1992, defendant executed a "Limited Waiver of Statute of Limitations" effectively extending the Statute until November 19, 1992.

■ Defendant argues that his alleged crime of concealment and retention is barred by the statute of limitations of five years from the latest time he obtained the property on October 31, 1982. 18 U.S.C. § 3282 ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.") The government responds that the crime of concealment and retention is a "continuing" offense, so that the five year statute of limitations began tolling on October 15, 1987.

The Supreme Court has stated that an alleged crime is a continuing offense if:

the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.

*Toussie v. United States,* 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970). Both the "explicit language" of 18 U.S.C. § 641 and the "nature of the crime" itself compel the conclusion that Congress intended that the crime of concealment and retention to be a continuing offense.

■ The first step in determining what "Congress must assuredly have intended" is to look to the plain meaning of the statute's words. *U.S. v. Southern Management Corp.,* 955 F.2d 914, 920 (4th Cir. 1992) ("Statutory interpretation always begins (and often ends) with the words of the statute itself. If the words convey a clear meaning, courts may not sift through secondary indices of intent to discover alternative meanings.") Moreover, "[i]n the absence of a contrary indication, the court must assume the drafters of a statute intended to convey the ordinary meaning attached to the language." *U.S. v. Stokley,* 881 F.2d 114, 116 (4th Cir.1989).

In this case, the first step is the last step of statutory construction because the ordinary language of § 641 is clear and unambiguous. *The Random House Dictionary of the English Language* defines "conceal" as—

1. to hide; withdraw or remove from observation; cover or keep from sight. 2. to keep secret; to prevent or avoid disclosing or divulging;

and "retain" as—

1. to keep possession of. 2. to continue to use, practice, etc. 3. to continue to hold or have.

The continuing nature of the words "conceal" and "retain" is further supported by the definition of the word "keep" which is—

1. to maintain (some action). 2. to cause to continue in a given place, position, state, course, or action.

The nature of the crime as determined from the overall statutory scheme also compels the conclusion that the crime alleged in Count II is a continuing offense. *Crandon v. United States,* 494 U.S. 152, 158, 110 S.Ct. 997, 1001, 108 L.Ed.2d 132 (1990) (In determining the meaning of a statute, the court looks "not only to the particular statutory language, but to the design of the statute as a whole and to its object and policy.") Although the acts forbidden in § 641 differ from one another, together they address a continuous course of evil and carve out a continuous spectrum of offenses. The first paragraph addresses the various ways in which the government may initially be deprived of its property (embezzle, steal, purloin or convert) and the second paragraph addresses what may happen to it thereafter (receive, conceal and retain).

Embezzling, stealing, purloining and converting are acts that are complete and no further injury occurs once that act is accomplished. While concealing is also an act, the evil addressed and the injury committed continues throughout the act of concealment. In addition, retaining is neither an act done nor an injury complete in an instant. Like a prison escape from federal custody, concealing and retaining stolen government property constitutes a "continuing threat to society" and must be treated as a continuing offense. *Cf. U.S. v. Bailey,* 444 U.S. 394, 413, 100 S.Ct. 624, 636, 62 L.Ed.2d 575 (1980) citing *Toussie,* 397 U.S. at 115, 90 S.Ct. at 860.

Applying *Toussie's* two-prong test, "concealing and retaining" stolen U.S. Savings Bonds under § 641 has been found to be a continuing offense for statute of limitations purposes. *U.S. v. Fleetwood,* 489 F.Supp. 129, 132 (D.Ore.1980) ("the nature of a crime such as concealing and retaining stolen property, where possession is the essence of the offense, is such that Congress must have intended it be treated as a continuing offense.") *Fleetwood's* conclusion that "concealing and retaining" government property under § 641 is a continuing offense has been favorably noted in this Circuit. *U.S. v. Bauer,* 713 F.2d 71, 73–74 (4th Cir.1983).

The plain meaning of the words "concealing" and "retaining" analyzed within the context of the statutory scheme of § 641 as well as the applicable case law compel the conclusion that defendant's five year statute of limitations began tolling on October 15, 1987. Defendant's October 2, 1992 "Limited Waiver of Statute of Limitations" extended the period until November 19, 1992. Defendant's November 13, 1992 Criminal Information preceded this deadline. Defendant's motion to dismiss Count II of his Criminal Information because of an allegedly lapsed statute of limitations is therefore DENIED.