PEOPLE v GOW

Docket No. 153192. Submitted June 15, 1993, at Detroit. Decided December 20, 1993, at 9:45 A.M. Leave to appeal denied, 445 Mich —.

Matthew C. Gow was charged in the Livingston Circuit Court with receiving and concealing stolen property that had a value in excess of $100 and that he bought before his twentieth birthday and concealed beyond that birthday. He petitioned for youthful trainee status. The court, Daniel A. Burress, J., granted youthful trainee status and placed the defendant on two years' probation. The prosecution appealed, contending that the defendant was too old for youthful trainee status because the offense continued beyond the defendant's twentieth birthday.

The Court of Appeals *held:*

The Youthful Trainee Act, MCL 762.11 *et seq.;* MSA 28.853(11) *et seq.,* provides a mechanism by which youths charged with committing certain crimes between their seventeenth and twentieth birthdays may be excused from having a criminal record by granting trial courts the discretion to impose probation for such youths. The offense of receiving and concealing stolen property is complete once all the elements of the offense are satisfied. Because all the elements were satisfied before the defendant's twentieth birthday, he is entitled to youthful trainee status.

Affirmed.

CRIMINAL LAW — YOUTHFUL TRAINEE ACT — RECEIVING AND CONCEALING.

The offense of receiving and concealing stolen property is complete for purposes of the Youthful Trainee Act once all the elements of the offense are satisfied; the fact that possession of the stolen property continues beyond an otherwise eligible defendant's twentieth birthday does not disqualify the defen-

REFERENCES

Am Jur 2d; Juvenile Courts and Delinquent and Dependent Children § 8.

See ALR Index under Juvenile Courts and Delinquent Children.

dant from youthful trainee status (MCL 750.535, 762.11 *et seq.*; MSA 28.803, 28.853[11] *et seq.*).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *David L. Morse,* Prosecuting Attorney, and *Daniel J. Garber, Jr.,* Chief Assistant Prosecutor, for the people.

*David M. Hartsook,* for the defendant.

Before: WAHLS, P.J., and CAVANAGH and GRIFFIN, JJ.

PER CURIAM. The prosecutor appeals by leave granted from an order of the Livingston Circuit Court granting defendant youthful trainee status under the Youthful Trainee Act (YTA), MCL 762.11 *et seq.*; MSA 28.853(11) *et seq.* We affirm.

On or about April 27, 1991, Kenneth Keith's tools and equipment were stolen at a job site. On November 5, 1991, the tools and equipment were discovered in the basement of defendant's home. Defendant admitted that he was aware that the tools were stolen when he purchased them on April 29, 1991. Defendant was charged with receiving and concealing stolen property with a value in excess of $100, MCL 750.535; MSA 28.803.

Defendant petitioned for youthful trainee status. At the hearing, defendant testified that he purchased the stolen items before his twentieth birthday on June 19, 1991. The court assigned defendant to youthful trainee status and placed him on two years' probation.

YTA offers a mechanism by which youths charged with committing certain crimes between their seventeenth and twentieth birthdays may be excused from having a criminal record. *People v Dolgorukov,* 191 Mich App 38, 39; 477 NW2d 118 (1991). It allows probation for a youth "alleged to have committed a criminal offense, other than a felony for which the maximum punishment is life

imprisonment, a major controlled substance offense, or a traffic offense between the youth's seventeenth and twentieth birthdays." MCL 762.11; MSA 28.853(11).

The people contend that the YTA was not applicable because the charged offense continued beyond the date of defendant's twentieth birthday until his concealment was discovered. We disagree.

The elements of receiving and concealing stolen property with a value exceeding $100 are that (1) the property was stolen, (2) the property has a fair market value of over $100, (3) the defendant bought, received, possessed, or concealed the property with knowledge that the property was stolen, and (4) the property was identified as being previously stolen. *People v Ainsworth,* 197 Mich App 321, 324; 495 NW2d 177 (1992). Although this Court has never addressed the issue of whether this crime is a continuing offense, several other states have held that, for purposes of the statute of limitations, it continues until discovery of the stolen property. See *State v Lodermeier,* 481 NW2d 614, 619-621 (SD, 1992).

However, this Court holds that the date on which all the elements of the crime were satisfied, April 29, 1991, was the date the "youth is alleged to have committed a criminal offense" for purposes of the YTA. We do so in light of the fact that the YTA is a remedial statute and should be construed liberally. *People v Trinity,* 189 Mich App 19, 21; 471 NW2d 626 (1991); *People v Teske,* 147 Mich App 105, 107; 383 NW2d 139 (1985). We also note that the trial court is not required to assign youthful trainee status, but has discretion in making its decision. *Id.* Accordingly, defendant was eligible for youthful trainee status because he committed the crime before his twentieth birthday.

Affirmed.