PEOPLE v BOBEK

Docket No. 183668. Submitted March 13, 1996, at Lansing. Decided July 9,
1996, at 9:15 A.M.

Nicole Bobek pleaded guilty in the Oakland Circuit Court, David F.
Breck, J., of first-degree home invasion, was placed on youthful
trainee status, and was ordered to serve a two-year term of proba-
tion. Three weeks later, the defendant moved to terminate the pro-
bation and dismiss the case because the media had obtained infor-
mation regarding the charges pending against her and that knowl-
edge threatened her ability to compete in figure skating
competitions run by the United States Figure Skating Association.
The court ordered a closed hearing and, following that closed hear-
ing, found that the release to the media and the public of informa-
tion relating to the defendant's status would adversely affect her
ability to continue her competitive skating and, accordingly,
released the defendant from her youthful trainee status, discharged
her from any further probation supervision, dismissed the case, and
sealed the file. The prosecution appealed, claiming that the court
abused its discretion in closing the hearing regarding the defend-
ant's motion and in discharging the defendant from youthful trainee
status and dismissing the case before the defendant had served her
term of probation in the absence of proof that the defendant was
rehabilitated.

The Court of Appeals *held*:

1. At the time of the hearing in the circuit court, § 14(3) of the
Youthful Trainee Act, MCL 762.14(3); MSA 28.853(14)(3), provided
that "all proceedings regarding the disposition of the criminal
charge and the individual's assignment as youthful trainee shall be
closed to public inspection." The term "all proceedings" encom-
passes all matters brought before the court relating to the youthful
trainee status, including, as here, a hearing of a motion to termi-
nate the youthful trainee status. Only by closure of such a hearing
will the confidentiality provision of the Youthful Trainee Act be
enforced. Accordingly, the trial court did not abuse its discretion in
closing the hearing regarding the defendant's motion.

2. The Youthful Trainee Act does not specifically prohibit the
modification of a probationary term or the early dismissal of

charges. MCL 771.2(2); MSA 28.1132(2) provides that a trial court may fix and determine the period and conditions of probation and may, in its discretion, amend the term of probation. However, public knowledge of the defendant's youthful trainee status was not related to her rehabilitation and was not a sufficient reason to discharge her from probation. Accordingly, it was an abuse of discretion to discharge the defendant.

Affirmed in part, reversed in part, and remanded.

FITZGERALD, P.J., concurring in part and dissenting in part, stated that the order of the trial court should be affirmed, because the court properly concluded that the goal of rehabilitation would be better served if the defendant were allowed to continue her competitive skating unthwarted by her continued probation and youthful trainee status and, accordingly, in the exercise of its discretion, properly discharged the defendant from her youthful trainee status and dismissed the proceedings.

1. CRIMINAL LAW — YOUTHFUL TRAINEE ACT — CLOSED HEARINGS.

   A hearing regarding a motion to terminate an individual's youthful trainee status is a proceeding within the meaning of the Youthful Trainee Act; accordingly, it is not error to close such a hearing to the public (MCL 762.14[3]; MSA 28.853[14][3]).

2. CRIMINAL LAW — YOUTHFUL TRAINEE ACT — PROBATION — ABUSE OF DISCRETION.

   A trial court, in the exercise of its discretion, may amend an order of probation of an individual placed on probation pursuant to the Youthful Trainee Act by reducing the term of probation; however, it is an abuse of discretion to reduce a term of probation for a reason that is not related to the goal of rehabilitation of the individual (MCL 762.11 *et seq.*; MSA 28.853[11] *et seq.*).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Kathryn G. Barnes*, Assistant Prosecuting Attorney, for the people.

*Michael S. Friedman*, for the defendant.

Before: Fitzgerald, P.J., and Corrigan and C. C. Schmucker,* JJ.

C. C. Schmucker, J. Following a conditional plea of guilty of first-degree home invasion, MCL 750.110a(2); MSA 28.305a(2), defendant was placed on youthful trainee status and ordered to serve a two-year term of probation. Three weeks later, defendant filed a "motion to terminate probation and for other relief." The trial court entered an order discharging defendant from youthful trainee status, dismissing the case, and sealing the file. The prosecutor appeals as of right. We affirm in part, reverse in part, and remand the case to the circuit court.

On November 2, 1994, defendant entered a friend's home by pressing a code that allowed her entry into the garage and subsequent entry into the home. Once inside, defendant went upstairs to a closet, noticed a purse containing money, and took the money. Defendant placed the money in her pocket. When she turned around, the owner of the house was behind her. When confronted, defendant returned the money to the owner.

Defendant pleaded guilty of the offense of first-degree home invasion on December 1, 1994. On January 19, 1995, the trial court assigned defendant to youthful trainee status under the Youthful Trainee Act (YTA), MCL 762.11 *et seq.*; MSA 28.853(11) *et seq.*, and placed her on two years' probation. Defendant was also ordered to perform either fifty hours of community service or spend thirty days in jail. On February 16, 1995, defendant filed an emergency motion and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

supporting affidavit requesting release from youthful trainee status and dismissal of the case because members of the media had obtained information regarding the charges pending against her, the dates she offered a guilty plea, and her youthful trainee status, all of which threatened her ability to participate in skating competitions.

Following a closed hearing relative to the motion, the trial court ruled that compliance with the YTA mandated the closed hearing. In granting defendant's motion for discharge from probation, the trial court stated:

> This is an exceptional case for a couple of reasons. One, purposes of the statute has [sic] been supported already. Somebody has leaked it. And that's in violation of the statute. So the purpose of the statute was to protect young people so that the public would not be aware of their behavior. And it's also an exceptional case because while the statute says there shouldn't be any civil ramifications or loss of rights or privileges, I'm not so sure that the U.S. Figure Skating Association would feel compelled to overlook this case that we have here. And if they were to disqualify Nicole illegal [sic], it would take her longer than probably the three weeks to be able to qualify and get the disqualification removed and harm would have been done.
>
> I'm also mindful of the fact that she wouldn't have plead [sic] to Y.T.A. had she known these things would have occurred. In view of the fact, I understand the victim's attitude is they don't want to see adverse things occur to her, I'm satisfied that because of the position she's in her skating career and from what you've said today and the fact that you were even crying when you were saying it, that you are remorseful. And a criminal proceeding has had a proper impact on you. You should understand that you would never get another chance for Y.T.A., and I think you now know and learned your lesson that people are going to be out there to shoot you down, if they can.

The prosecutor argues that the trial court abused its discretion in closing the hearing regarding defendant's motion. The trial court opined that closure of the proceedings was mandated by § 14(3) of the YTA, MCL 762.14(3); MSA 28.853(14)(3), see now MCL 762.14(4); MSA 28.853(14)(4), which provided, in pertinent part:

> Unless the court enters a judgment of conviction against the individual for the criminal offense under section 12 of this chapter, all proceedings regarding the disposition of the criminal charge and the individual's assignment as youthful trainee shall be closed to public inspection.

The question whether the phrase "all proceedings" encompasses hearings held regarding the criminal charge is an issue of first impression.[1] On appeal, we review questions of law regarding statutory interpretation de novo. *In re Lafayette Towers*, 200 Mich App 269, 272-273; 503 NW2d 740 (1993). In interpreting the YTA, our goal is to ascertain and give effect to the Legislature's intent. *Id.* Statutory language should also be construed reasonably, keeping in mind the purpose of the act. *In re Estes Estate*, 207 Mich App 194, 209; 523 NW2d 863 (1994).

The YTA offers a mechanism by which youths charged with committing certain crimes between their seventeenth and twenty-first birthdays may be

---

[1] The Attorney General has opined, under a former version of the statute that contains substantially similar language, that "all proceedings relative to the disposition of the criminal charge" would include, "*but not necessarily [be] limited to, the following items in a criminal prosecution: the arrest and fingerprint records, the complaint, the warrant, police reports and other documents and transcripts generated as the result of an arrest and prosecution of a particular youthful trainee.*" OAG 1977-1978, No 5373, p 656 (October 5, 1978) (emphasis added).

excused from having a criminal record. *People v Dolgorukov*, 191 Mich App 38, 39; 477 NW2d 118 (1991). It allows probation of a youth who "pleads guilty to a charge of a criminal offense, other than a felony for which the maximum punishment is life imprisonment, a major controlled substance offense, or a traffic offense, committed on or after the individual's seventeenth birthday but before his or her twenty-first birthday." MCL 762.11; MSA 28.853(11). Once compliance is achieved, a youthful trainee will not be deemed convicted of a crime and proceedings regarding the disposition of the criminal charge will be closed to public inspection. The YTA is a remedial statute and should be construed liberally for the advancement of the remedy. *People v Gow*, 203 Mich App 94, 96; 512 NW2d 34 (1993).

The YTA does not define the word "proceedings." When a statute does not define a term, we will construe the term according to its common and approved usage. *Jennings v Southwood*, 446 Mich 125, 139; 521 NW2d 230 (1994). Resort to dictionary definitions is appropriate to construe the common and approved usage of undefined statutory terms. *Id.* at 139-140. The terms "proceeding" and "proceedings" have been defined as

> a particular action, or course or manner of action . . . a series of activities or events . . . a record of the business discussed at a meeting of an academic society or other formal group . . . legal action, esp. as carried on in a court of law. [Random House Webster's College Dictionary (1992).]

Black's Law Dictionary, Sixth Edition, has defined "proceeding" as follows:

In a general sense, the form and manner of conducting
juridical business before a court or judicial officer. Regular
and orderly progress in form of law; including all possible
steps in an action from its commencement to the execution
of the judgment.

Thus, the term "proceeding" apparently encompasses all matters brought before a court in a specific judicial action. When a hearing is conducted after the grant of youthful trainee status, closure of the hearing would be necessary to enforce the confidentiality provision of the act. Thus, it appears that the Legislature envisaged the term "all proceedings" as meaning *all* matters brought before a court in an action in which youthful trainee status has been granted.

Here, defendant filed a motion to terminate her probation because members of the media had obtained information regarding the pending charges against her in violation of the purpose of the YTA. Had the hearing been held in open court, the public would have had access to information regarding the criminal charge, which is the very harm the YTA seeks to prevent. Closure of the hearing was consistent with the remedial nature of the YTA. Consequently, we conclude that the trial court did not err in closing the hearing on the motion.

The prosecutor also contends that the trial court abused its discretion in discharging defendant from youthful trainee status and dismissing the case before defendant served the probationary term absent proof that defendant was rehabilitated. We agree. There is no provision in the YTA that expressly prohibits modification of the probationary term or early dismissal of the charges. However, because defendant was placed

on probation, an examination of the law regarding probation is warranted.

Under the Code of Criminal Procedure, a court may fix and determine the period and conditions of probation pursuant to MCL 771.2(2); MSA 28.1132(2), which states in pertinent part:

> The court shall by order, to be filed or entered in the cause as the court may direct by general rule or in each case, fix and determine the period and conditions of probation. The order, whether it is filed or entered, shall be considered as part of the record in the cause and shall be at all times alterable and amendable, both in form and in substance, in the court's discretion.[2]

Given this provision, and the absence of any prohibition in the YTA against modification of the terms of probation, we find that the trial court has discretion to amend the term of probation. See, e.g., *People v Ford*, 95 Mich App 608, 612; 291 NW2d 140 (1980).

The fact that defendant's YTA status was discovered by the press was not a sufficient reason to discharge the defendant from probation after twenty-eight days. The trial court abused its discretion in terminating probation and YTA status after twenty-eight days.

Between sentencing and discharge, the only event that allegedly occurred was that the media learned of defendant's status. Although this would perhaps be sufficient for setting aside defendant's plea, the disclosure to the media could have come from anyone, including defendant, her friends, or her family. The fact that the media has knowledge of defendant's status is entirely unrelated to defendant's rehabilitation

---

[2] Text of section effective until October 1, 1995.

and is not a sufficient reason to discharge defendant from probation, even if defendant is a celebrity. The files and proceedings would be sealed regardless of whether defendant remained on probation.

Although the trial court was concerned that defendant's youthful trainee status would affect her ability to compete as a figure skater, any such action by a skating organization would clearly violate the act, which provides:

> An assignment of an individual to the status of youthful trainee as provided in this chapter is not a conviction for a crime, and the individual assigned to the status of youthful trainee shall not suffer a civil disability or loss of right or privilege following his or her release from that status because of his or her assignment as a youthful trainee. [MCL 762.14(2); MSA 28.853(14)(2).[3]]

The terms and length of probation are within a trial court's discretion. MCL 771.2(2); MSA 28.1132(2). However, defendant's discharge from youthful trainee status after four weeks was unrelated to her rehabilitation, and discharging defendant was an abuse of discretion.

We affirm the decision of the trial court to close the hearing of defendant's motion, reverse the decision of the trial court to terminate defendant's term of probation and to discharge her from youthful trainee status, and remand this matter for a continuation of defendant's probation.

CORRIGAN, J., concurred.

---

[3] As amended by 1993 PA 293, effective January 1, 1994. The statute has been further amended since the time defendant was placed on youthful trainee status. 1994 PA 286, effective October 1, 1995.

FITZGERALD, P.J. (*concurring in part and dissenting in part*). I respectfully dissent from the majority's conclusion that the trial court abused its discretion in terminating defendant's probation and dismissing her from youthful trainee status.

Defendant's plea was conditioned upon her assignment to youthful trainee status. Her desire to be placed on youthful trainee status is clear. She is a world-class figure skater who is subject to intense media scrutiny. She chose to plead guilty so that the crime would not be publicized and so that she would not have a criminal record that could jeopardize her skating career. The disclosure to the press of information regarding the crime and defendant's assignment to youthful trainee status rendered it impossible for defendant to complete her probationary period in the anonymity required by MCL 762.14(3); MSA 28.853(14)(3), see now MCL 762.14(4); MSA 28.853(14)(4).[1] Given this extraordinary situation, the

---

[1] The trial court noted that it had received a letter from defendant's coach that stated:

> As of this morning, I've had calls from People magazine, Inside Edition, numerous sports writers, private investigators, and Children's Law Center. All of these groups have correct and documented information from Nicole Bobek's case. Even though Nicole is enrolled in your youthful trainee program these groups were able to obtain information from these concealed records.
>
> In the recent months Nicole has changed into a much more serious athlete. Because of this change she was able to become U.S. Ladies Figure Skating Champion. My concern now is that the media will crucify her for her previous mistakes and interfere with her advancement in future competitions. Most of the above groups feel Nicole should not be allowed to leave the country and compete in world championship in England. I feel they will do their best to get their feelings in print.
>
> I feel Nicole's future is at stake here. Because of her recent victory, opportunities such as Pro Competitions, product endorsements and professional appearances are all in jeopardy if her

trial court implied that the goal of rehabilitation would be better served if defendant were able to continue her skating career than if her career were thwarted as a result of her continuing probation and YTA status. Given the discretion afforded to the trial court to alter and amend the terms of probation, MCL 771.2(2); MSA 28.1132(2), I cannot conclude that the trial court abused its discretion in discharging defendant from youthful trainee status and, pursuant to MCL 762.14(1); MSA 28.853(14)(1),[2] dismissing the proceedings.

I concur with the remainder of the majority opinion.

---

recent problems are publicized. The financial rewards of years of hard work would never materialize. I think this punishment far outweighs her mistakes.

[2] MCL 762.14(1); MSA 28.853(14)(1) provided, at the time involved herein:

If consideration of an individual as a youthful trainee is not terminated and the status of youthful trainee is not revoked as provided in section 12 of this chapter, upon final release of the individual from the status of youthful trainee, the court shall discharge the individual and dismiss the proceedings.