649 N.W.2d 777 (2002)
250 Mich. App. 76
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
William Jay OWEN, Defendant-Appellee.
Docket No. 237316.
Court of Appeals of Michigan.
Submitted March 7, 2002, at Grand Rapids.
Decided April 26, 2002, at 9:20 a.m.
Released for Publication August 8, 2002.
*778 Jennifer M. Granholm, Attorney General, Thomas L. Casey, Solicitor General, Ronald J. Frantz, Prosecuting Attorney, and Jon Hulsing, Assistant Prosecuting Attorney, Grand Haven, for the people.
Floyd H. Farmer, Jr., Spring Lake, for the defendant.
Before: METER, P.J., and MARKEY and OWENS, JJ.
METER, P.J.
The prosecutor appeals as of right from an order dismissing a charge against defendant of concealing or storing a stolen firearm, M.C.L. § 750.535b(2). The trial court concluded that the statute of limitations barred the charge. We reverse and remand.
Two break-ins occurred in late 1993 at a home in Ottawa County. Soon after the break-ins, the homeowner reported a handgun missing from the home. In 2001, Mark VanderHulst admitted to the police that he and defendant had broken into the home in question in 1993 and stolen a handgun.[1] VanderHulst indicated that at some point after the theft, he and defendant buried the handgun along some railroad tracks. The police searched the area described by VanderHulst and, on May 10, 2001, found a handgun matching the description and serial number of the handgun taken in 1993.
On the basis of the preliminary examination testimony of VanderHulst and of Jennifer Owen, who stated that in 1994, defendant told her about having buried a gun or guns[2] associated with a break-in, the magistrate bound defendant over on a charge of concealing or storing a stolen firearm, M.C.L.§ 750.535b(2). Defendant was also given notice of the prosecutor's intent to seek an enhanced sentence under M.C.L. § 769.11, the statute applicable to thirdoffense habitual offenders.
Defendant then moved to dismiss the charge against him, arguing that the six-year period of limitation had run before the charge was filed. The prosecutor argued that the offense as charged was a continuing offense and that the limitation period had not begun to run until the handgun was recovered. The trial court granted defendant's motion to dismiss, ruling that (1) concealing a stolen firearm was not an inherently continuous action, and (2) even though storing a stolen firearm might be considered an inherently continuous action, the facts demonstrated that defendant abandoned the gun instead of storing it. The prosecutor now appeals from this ruling.
We review de novo a trial court's decision to dismiss a charge on legal grounds. People v. Motor City Hosp. & Surgical *779 Supply, Inc., 227 Mich.App. 209, 212, 575 N.W.2d 95 (1997).
As noted, the prosecutor alleged that defendant violated M.C.L. § 750.535b(2), which states:
A person who receives, conceals, stores, barters, sells, disposes of, pledges, or accepts as security for a loan a stolen firearm or stolen ammunition, knowing that the firearm or ammunition was stolen, is guilty of a felony, punishable by imprisonment for not more than 10 years or by a fine of not more than $5,000.00, or both.
The statute of limitations applicable at the time relevant to this matter states, in part:
An indictment for the crime of murder may be found at any period after the death of the person alleged to have been murdered. Indictments for the crimes of kidnapping, extortion, assault with intent to commit murder, and conspiracy to commit murder shall be found and filed within 10 years after the commission of the offense. Except as otherwise provided in subsection (2),[3]all other indictments shall be found and filed within 6 years after the commission of the offense. [MCL 767.24(1) (emphasis added).]
The question, then, is whether the prosecutor filed the charge here "within 6 years after the commission of the offense," which requires a determination regarding whether concealing or storing a stolen firearm can be considered a continuing offense. This is a question of first impression in Michigan.[4]
The United States Supreme Court addressed the continuing offense doctrine in Toussie v. United States, 397 U.S. 112, 114-115, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970),[5] noting that in general, criminal limitations statutes should be interpreted liberally in favor of repose in order to (1) encourage the police to investigate suspected criminal activity promptly, (2) "minimize the danger of official punishment because of acts in the far-distant past," and (3) protect persons from having to defend against charges when the facts have been obscured by time. The Court emphasized, however, that these considerations do not always bar a finding that a particular offense is a continuing one. Id. at 115, 90 S.Ct. 858. The Court noted that an offense should not be deemed continuing "unless the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly *780 have intended that it be treated as a continuing one." Id.
MCL 750.535b(2) does not explicitly state that concealing or storing a stolen firearm shall be deemed a continuing offense. Accordingly, we conclude that the relevant question is whether "the crime involved is such that [the Legislature] must assuredly have intended that it be treated as a continuing one." Toussie, supra at 115, 90 S.Ct. 858. The first step in determining what the Legislature "must assuredly have intended" is the language of the statute itself, particularly, for our purposes, the words "store" and "conceal." See People v. Lounsbery, 246 Mich.App. 500, 506, 633 N.W.2d 434 (2001) (indicating that the first step in determining the Legislature's intent is the language of the statute). The Legislature is presumed to use the ordinary meaning attached to words, and we may consult dictionaries in determining these meanings. See id. at 506-507, 633 N.W.2d 434, and People v. Childs, 243 Mich.App. 360, 364, 622 N.W.2d 90 (2000). Random House Webster's College Dictionary (2d ed., 1997), p. 272, defines "conceal" as "to hide; cover or keep from sight" or "to keep secret; avoid disclosing or divulging." This same dictionary defines "store," for our purposes, as "to supply or stock with something, as for future use;" "to accumulate or put away, for future use;" or "to deposit in a storehouse or other place for keeping." Id. at 1271.
In our opinion, these definitions encompass a continuing course of conduct. "Conceal," in particular, clearly implies continuing conduct, because in concealing something, one is continually keeping it hidden from others. "Store," on the other hand, could potentially be interpreted as action that is complete as soon as the stored items are put away. However, we conclude that in the context of M.C.L. § 750.535b(2), "store" implies continuing conduct. Indeed, we note that the definitions of "store" emphasize putting something away "for future use" and for "keeping." This suggests that the Legislature, in drafting M.C.L. § 750.535b(2), was concerned about stolen firearms being continually retained for use in the future. Accordingly, in light of the definitions of "conceal" and "store," we conclude that the Legislature "must assuredly have intended" that concealing or storing a stolen firearm be treated as a continuing offense. Toussie, supra at 115, 90 S.Ct. 858.
This conclusion, at least with regard to "concealing" a stolen firearm, is bolstered by a comment from the dissent in People v. Cooks, 446 Mich. 503, 521 N.W.2d 275 (1994). In Cooks, supra at 505, 521 N.W.2d 275, the defendant was charged with one count of first-degree criminal sexual conduct but the complainant testified that three incidents of sexual penetration had occurred. The Court held that a general unanimity instruction was sufficient, i.e., the trial court did not have to instruct the jury that unanimous agreement about a specific act of penetration was required to convict. Id. at 528-530, 521 N.W.2d 275. The Court analogized the alleged multiple penetrations to "a continuous course of conduct." Id. at 528, 521 N.W.2d 275. Dissenting, Justice Levin stated:
The continuous course of conduct exception to the requirement of a specific unanimity instruction must be narrowly drawn. The continuous conduct exception only applies to those offenses where the statute defining the crime may be interpreted as applying to an offense that may be continuous in nature, such as failure to provide, contributing to the delinquency of a minor, driving under the influence, concealing stolen property, and criminal acts of possession. [Id. *781 at 532, n. 4, 521 N.W.2d 275 (Levin, J., dissenting) (emphasis added).]
Our conclusion in general is further bolstered by the Michigan Supreme Court's decision in People v. Beverly, 247 Mich. 353, 355-356, 225 N.W. 481 (1929). In Beverly, the defendant was alleged to have possessed intoxicating liquor on June 18, 1927, but was acquitted of this charge. Id. at 354, 225 N.W. 481. The prosecutor then sought to charge him with possessing intoxicating liquor on June 17, 1927. The Court stated:
The facts in this case are that the defendant had a quantity of liquor in his barn. How much is not shown, but let us suppose that he had five gallons, and that he had it there for one week. The prosecution could not divide the time that he had possession or the amount possessed and thus create separate offenses. If the defendant could be convicted and compelled to pay a penalty for every day that he was in possession, he would have to pay seven penalties for a single offense.

Having liquor in his possession for several days was all one transaction; it was a continuing offense as long as possession existed, and for such an offense the statute provides but one penalty.
It is our conclusion that the defendant's acquittal in the first case bars his prosecution under the present information.[Id. at 356, 225 N.W. 481 (emphasis added).]
While Beverly involved possession, which was not charged in the instant case, Beverly's holding is nonetheless instructive. Indeed, we believe that defendant's concealing or storing a stolen firearm in the instant case "was a continuing offense as long as [the concealment or storage] existed...." Id.
Cases from other jurisdictions provide even stronger support for our conclusion today. In State v. Lawrence, 312 N.W.2d 251, 253 (Minn.1981), the court addressed whether possessing and concealing stolen property was a continuing offense. The court stated:
Both possessing and concealing are distinguishable from receiving in that the latter connotes a single act. Behind possessing and concealing, however, is the notion that property is being kept from someone in violation of a duty to return and this duty to return continues. One of the reasons for including possessing and concealing as crimes is to be able to prosecute even though the time has run out on receiving. Surely this serves the purpose of the statute, which is to deter trafficking in stolen goods. [Id.]

In the instant case, defendant, by allegedly storing or concealing the stolen gun, was keeping the gun "in violation of a duty to return and this duty to return continues." Id.
In United States v. Blizzard, 812 F.Supp. 79, 80 (E.D.Va., 1993), aff'd. 27 F.3d 100 (C.A.4, 1994), the defendant was charged with concealing and retaining stolen property and argued that the statute of limitations barred his prosecution. The court rejected his argument, noting:
Embezzling, stealing, purloining and converting are acts that are complete and no further injury occurs once that act is accomplished. While concealing is also an act, the evil addressed and the injury committed continues throughout the act of concealment. In addition, retaining is neither an act done nor an injury complete in an instant. Like a prison escape from federal custody, concealing and retaining stolen government property constitutes a "continuing threat *782 to society" and must be treated as a continuing offense. [Id. at 81.]
Similarly, we conclude that concealing or storing a stolen firearm involves an "evil [that] continues throughout the act of concealment" or storage. See also State v. O'Hagan, 474 N.W.2d 613, 621 (Minn.App.1991) (possessing and concealing stolen property are continuing offenses for purposes of the statute of limitations), and State v. Lodermeier, 481 N.W.2d 614, 620-621 (S.D.1992) (retention of stolen property is a continuing offense for purposes of the statute of limitations).[6]
In light of the plain language of the statute, as well as the support found both in Michigan case law and case law from other jurisdictions, we hold that concealing or storing a stolen firearm can be considered a continuing offense for purposes of the statute of limitations.[7]
However, our analysis does not end here. Indeed, while concealing or storing a stolen firearm can be considered a continuing offense in general under our holding today, this does not mean that a prosecution brought within six years of discovery of the firearm will automatically be allowable under the statute of limitations. Indeed, for the prosecution to proceed, the defendant must have in fact continued to conceal or store the firearm at some point within the six-year period. In Lawrence, supra at 253, the Minnesota Supreme Court stated, after concluding that concealing stolen property was a continuing offense for purposes of the statute of limitations, "This is not to say there may not be instances of a single act of concealment, such as a defendant who only assists a possessor of stolen goods to hide the property." In other words, concealing (or storing) stolen property can be deemed a continuing offense in general, but not all concealment or storage will in fact encompass continuing conduct.
Here, however, there is no indication that defendant merely aided a different possessor in concealing the gun in question. Indeed, he and VanderHulst allegedly acted together as principals, both stealing the gun and both burying it. Therefore, we conclude that there is no material factual dispute that defendant's alleged concealment of the gun occurred continually until the discovery of the gun, and a trial on a charge of concealing a stolen firearm under M.C.L. § 750.535b(2) is appropriate. It is questionable, however, whether defendant's alleged storage of the gun occurred continually until its discovery. Indeed, defendant contends that he essentially abandoned the gun more than six years before the charge was filed and cannot be deemed to have stored it within the limitation period for "keeping" or "future use." We agree that a question of fact exists regarding whether defendant stored the gun within the limitation period or whether he instead abandoned it more than six years before the charge was filed. Accordingly, if the prosecutor wishes to proceed on a storage theory, a trial on the statute of limitations issue is appropriate.[8] See People v. Artman, 218 Mich.App. 236, 239, 553 N.W.2d 673 (1996) (factual disputes *783 concerning a statute of limitations issue are properly left to the trier of fact).
Reversed and remanded for trial. We do not retain jurisdiction.
NOTES
[1] VanderHulst cooperated with the police in exchange for an immunity agreement.
[2] Owen could not remember if defendant told her about burying one or two guns.
[3] This subsection deals with crime victims who are minors. See M.C.L. § 767.24(2) as amended by 1987 PA 255.
[4] We note that in People v. Gow, 203 Mich.App. 94, 96, 512 N.W.2d 34 (1993), this Court concluded that receiving and concealing stolen property was not a continuing offense for purposes of the Youthful Trainee Act (YTA), M.C.L. § 762.11 et seq., which allows youths charged with committing certain crimes between their seventeenth and twentieth birthdays to avoid having a criminal record. The prosecutor contended that the YTA was not applicable to the defendant, who was charged with receiving and concealing stolen property, "because the charged offense continued beyond the date of defendant's twentieth birthday until his concealment was discovered." Gow, supra at 96, 512 N.W.2d 34. This Court disagreed and held that for purposes of the YTA, the crime was complete upon the defendant's initial receipt and concealment of the stolen property. Id. Gow is not applicable to the instant case, because the Gow Court did not address any statute of limitations issue and rested its holding explicitly on the fact that "the YTA is a remedial statute and should be construed liberally." Id.
[5] Congress later superseded the Toussie Court's conclusion that failing to register for the draft was not a continuing offense. See United States v. Eklund, 733 F.2d 1287, 1296-1297 (C.A.8, 1984).
[6] We note that not all jurisdictions support our holding today. See, e.g., State v. Webb, 311 So.2d 190, 191 (Fla.App.1975). Nevertheless, we believe that cases such as Blizzard, supra at 81, and Lawrence, supra at 253, provide the better-reasoned approach.
[7] We express no opinion regarding whether someone who "receives, ... barters, sells, disposes of, pledges, or accepts as security for a loan a stolen firearm" under M.C.L. § 750.535b(2) commits a continuing offense.
[8] The trial court erred in making a ruling with regard to abandonment without first holding a trial on the issue.