*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TREVOR MARTIN LERMA,

        Defendant-Appellant.

UNPUBLISHED
March 21, 2024

No. 359589
Isabella Circuit Court
LC No. 2019-001345-FC

Before: PATEL, P.J., and RICK and FEENEY, JJ.

PER CURIAM.

Defendant was convicted by guilty plea of felon in possession of a firearm (felon-in-possession), MCL 750.224f,[1] and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 76 months' to 35 years' imprisonment for felon-in-possession and two years' imprisonment for felony-firearm, to be served consecutively.

On remand from the Michigan Supreme Court for consideration as on leave granted,[2] defendant argues that he is entitled to resentencing because (1) the trial court erroneously scored several offense variables (OV) based on conduct outside of the sentencing offense, and (2) the trial court abused its discretion by refusing to amend the presentence investigation report (PSIR) to accurately reflect the conduct that formed the basis of the sentencing offense. By its nature, a possessory offense is a continuing offense. See *People v Burgenmeyer*, 461 Mich 431, 436-440; 606 NW2d 645 (2000) (possession for purposes of a possessory firearm offense occurs while a defendant has proximity and reasonable access to the weapon); *People v Owen*, 251 Mich App 76, 83; 649 NW2d 777 (2002) (holding that the "defendant's concealing or storing a stolen firearm . . .

---

[1] MCL 750.224f was recently amended by 2023 PA 201, effective February 13, 2024, to add a subsection addressing the possession of a weapon by "[a] person convicted of a misdemeanor involving domestic violence," but the offenses in this case occurred before the amendment.

[2] *People v Lerma*, ___ Mich ___; 985 NW2d 506 (2023).

was a continuing offense as long as [the concealment or storage] existed. . . .") (cleaned up). "[P]ossession of a prohibited firearm is not limited to actual possession, but may include both constructive possession, and joint possession by defendants acting in concert." *People v Hill*, 433 Mich 464, 466; 446 NW2d 140 (1989). Defendant admitted that he possessed the firearm for a brief moment before the robbery, participated in the robbery with the codefendant, and maintained possession of the firearm after the robbery. Because defendant's continuous possession of the firearm formed the basis of his felon-in-possession conviction, i.e., the sentencing offense, the trial court was permitted to consider the conduct that occurred before, during, and after the robbery when calculating the OV scores. Further, the trial court did not abuse its discretion by refusing to amend the PSIR to alter or omit the information regarding conduct that occurred during and after the robbery. We affirm.

## I. BACKGROUND

At approximately 1:30 a.m. on November 16, 2019, defendant visited the victim's apartment. Defendant informed the victim that he had also invited a friend to the victim's apartment. Less than five minutes later, defendant's friend, Austin Rodriguez, arrived. The victim was acquainted with defendant, but had never met Rodriguez. When Rodriquez arrived, defendant confirmed he was the friend whom he had invited over, and the victim let him into the apartment. The three men entered the victim's bedroom to smoke marijuana. When the victim produced the marijuana, Rodriguez pointed a handgun at the victim's head and demanded that he give him all of the marijuana. The victim started to scream for help, but Rodriguez jammed his fingers into the victim's mouth to keep him quiet. Rodriguez jammed his fingers into the victim's mouth so forcefully that the victim bled from his mouth and suffered damage to his mouth and gums.

The victim heard Rodriguez reference a pillowcase. The victim then saw defendant take a black pillowcase from the victim's bed, place the marijuana inside of it, and pass it to Rodriguez. When Rodriguez briefly removed his fingers from the victim's mouth, the victim yelled for his half-brother, who was on the living room couch. The victim's half-brother opened the bedroom door to investigate, which prompted Rodriguez to point the gun at him. Rodriquez demanded that the victim's half-brother come into the room, but he refused. Rodriquez then demanded that the victim's half-brother hand him his phone. When the victim's half-brother responded that he did not have his phone with him, Rodriguez instructed him to sit in the hallway in front of the bedroom door.

Rodriguez then turned his attention back to the victim. He took marijuana cartridges from the victim's dresser as well as the victim's wallet, marijuana vape equipment, and car keys from his pants pockets. Rodriquez placed the items inside the pillowcase with the marijuana. Defendant remained within a few feet of Rodriquez during the entire time they were in the victim's apartment. The victim and his half-brother both heard defendant and Rodriguez whispering to one another throughout the robbery. The victim heard defendant state to Rodriguez, "[Y]ou've already got the weed and stuff let's go." After searching but taking nothing else, Rodriguez grabbed the pillowcase and ran off. Defendant briefly remained in the apartment and acted as if he did not know what had just happened, but he fled as soon as the victim stated that he was going to call the police.

The victim was interviewed by police shortly after the robbery. The victim was so distraught that he collapsed to the floor during his interview. After defendant and Rodriguez were identified as suspects, police officers went to defendant's apartment to investigate. Although no one opened the door when the officers knocked, defendant was later detained when he stepped outside of the apartment while the officers were waiting for a search warrant. After officers issued *Miranda*[3] warnings to defendant, he first claimed that he was robbed at the victim's apartment complex by a man named "Jay." Defendant then changed his story. He admitted to participating in the robbery with Rodriguez and knowing that it was going to happen. Defendant informed the officers that he had hidden the gun in his apartment's ceiling hatch after the robbery. The officers searched the ceiling hatch and recovered a black bag that contained the gun, a bag of marijuana, and the victim's personal belongings. Defendant and Rodriguez were identified by the victim and arrested.

Defendant and Rodriguez were each charged with armed robbery, MCL 750.529, conspiracy to commit armed robbery, MCL 750.529, assault with intent to rob while armed, MCL 750.89, felon-in-possession, and three counts of felony-firearm. Defendant pleaded guilty to felon-in-possession, one count of felony-firearm, and his status as a fourth-offense habitual offender. In exchange for defendant's plea, the remaining charges against him were dropped.[4] During his plea, defendant admitted that, immediately prior to the robbery, Rodriguez handed a firearm to him and defendant held the firearm before handing it back to Rodriguez. Defendant admitted that he was a felon at the time that he possessed the firearm, and that he had previously been convicted of seven other felonies. Upon further questioning by the trial court, defendant also admitted that he had possession of the gun when police came to his house to investigate the robbery.

Relevant to this appeal, defendant objected to the trial court's scoring of OVs 1, 3, 4, and 9 at sentencing, arguing that the court impermissibly considered conduct outside of the sentencing offense when scoring the variables. Defendant also objected to information contained in the PSIR, arguing that a description of the conduct that occurred during and after the robbery should have been omitted because his guilty pleas were based only on his possession of the gun and his status as a felon. The trial court denied all of defendant's objections. Defendant's minimum guidelines range was calculated to be 22 to 76 months. The trial court sentenced defendant as described. This appeal followed.

## II. STANDARDS OF REVIEW

Under the sentencing guidelines, a trial court's factual findings "are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (cleaned up). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Brooks*, 304 Mich App 318, 319-320; 848 NW2d 161 (2014) (cleaned up). " 'Preponderance of the evidence' means such

---

[3] *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[4] Rodriguez pleaded guilty to armed robbery, assault with intent to rob while armed, and one count of felony-firearm.

evidence as, when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. (cleaned up).

"The trial court's response to a claim of inaccuracies in the [PSIR] is reviewed for an abuse of discretion. A court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *People v Waclawski*, 286 Mich App 634, 689; 780 NW2d 321 (2009) (citation omitted).

## II. ANALYSIS

Defendant argues that the trial court clearly erred in its scoring of OVs 1, 3, 4, and 9 because it erroneously relied on conduct that occurred outside of the sentencing offense, and it abused its discretion by refusing to amend the PSIR. We disagree.

Criminal defendants are entitled to a sentence that is based on accurate information and accurate scoring of the sentencing guidelines. *People v McGraw*, 484 Mich 120, 131; 771 NW2d 655 (2009). When scoring offense variables, "a court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). A defendant is entitled to resentencing if there is a scoring error that alters the defendant's recommended minimum sentence range under the guidelines. *People v Francisco*, 474 Mich 82, 89; 711 NW2d 44 (2006).

Defendant is correct that the scoring of offense variables is generally offense-specific. Absent a statutory mandate to consider factors or conduct beyond the sentencing offense itself, the sentencing court may only consider conduct that occurred during the crime that resulted in defendant's conviction. *McGraw*, 484 Mich at 129, 133, 135. "The 'sentencing offense' for purposes of scoring OVs is 'the crime of which the defendant has been convicted and for which he or she is being sentenced.' " *Id*. at 122 n 3. If a defendant accepts a plea agreement and pleads guilty to certain offenses, the sentencing court may also "consider the nature of a plea bargain and the charges that were dismissed in exchange for the plea for which the court is sentencing." *People v Coulter (After Remand)*, 205 Mich App 453, 456; 517 NW2d 827 (1994). "A defendant is entitled to be sentenced according to accurately scored guidelines and on the basis of accurate information." *McGraw*, 484 Mich at 131.

In this case, defendant pleaded guilty to felon-in-possession, one count of felony-firearm, and his status as a fourth-offense habitual offender. The "sentencing offense" for purposes of scoring the OVs is the felon-in possession conviction. An individual is guilty of felon-in-possession if: (1) he or she possessed a firearm, (2), he or she was previously convicted of a specified felony, and (3) less than five years have elapsed since he or she has paid all fines, completed all terms of probation or parole, completed all terms of imprisonment, and satisfied certain other requirements. MCL 750.224f; *People v Bass*, 317 Mich App 241, 267-268; 893 NW2d 140 (2016). Possession of the firearm "may be actual or constructive and may be proved by circumstantial evidence." *Burgenmeyer*, 461 Mich at 437 (cleaned up). A defendant has constructive possession of the firearm "if its location is known to the defendant and if it is

reasonably accessible to him." *Id.* Individuals maintain joint possession if they share actual or constructive possession of the firearm and the evidence suggests that they were "acting in concert." *Hill*, 433 Mich at 466, 469-471.

Defendant argues that the trial court improperly scored OVs 1, 3, 4, and 9[5] because the court impermissibly considered conduct that occurred outside of the sentencing offense. Defendant is correct that OVs 1, 3, 4, and 9 are all offense-specific variables that must be scored only on the basis of conduct that occurred during the commission of the sentencing offense.[6] But felon-in-possession is a continuing offense, and the offense was not complete until the police seized the firearm from defendant's apartment during their investigation. See *Burgenmeyer*, 461 Mich at 436-440; *Owen*, 251 Mich App at 83. The record supports that defendant had actual possession of the firearm before the robbery, constructive and joint possession of the firearm during the robbery while acting in concert with Rodriguez, and constructive and joint possession of the firearm after the robbery until it was seized from his apartment by the police. See *Burgenmeyer*, 461 Mich at 437; *Hill*, 433 Mich at 466, 469-471. Defendant's continuous possession of the firearm formed the basis of his felon-in-possession conviction, i.e., the "sentencing offense." See *McGraw*, 484 Mich at 122 n 3. Accordingly, the trial court did not err by considering the conduct that occurred before, during, and after the robbery when calculating the OV scores for defendant's felon-in-possession conviction.

We also conclude that the trial court did not abuse its discretion by refusing to amend the PSIR to alter or omit the information regarding conduct that occurred during and after the robbery. The agent's description of the offense, which mirrored all of the information presented at the preliminary examination and defendant's plea hearing, was factually accurate and relevant. See MCR 6.425(A)(1)(b) (requiring that a PSIR include "a complete description of the offense and the circumstances surrounding it"); *Waclawski*, 286 Mich App at 690 (stating that only irrelevant or inaccurate information should be excluded from the PSIR).

Affirmed.

/s/ Sima G. Patel
/s/ Michelle M. Rick
/s/ Kathleen A. Feeney

---

[5] OV 1 is scored for a defendant's "aggravated use of a weapon" when he or she committed the sentencing offense. MCL 777.31(1). OV 3 is scored for "physical injury to a victim." MCL 777.33(1). OV 4 addresses "psychological injury to a victim." MCL 777.34(1). And OV 9 addresses the number of victims. MCL 777.39(1).

[6] See *People v Teike*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 363705); slip op at 3-4 (stating that OV 9 is an offense-specific variable); *People v Biddles*, 316 Mich App 148, 165; 896 NW2d 461 (2016) (stating that OVs 3 and 4 are offense-specific variables); *People v Chelmicki*, 305 Mich App 58, 70-72; 850 NW2d 612 (2014) (stating that OV 1 is an offense-specific variable).