NATSCH v CITY OF SOUTHFIELD

Docket No. 84238. Submitted July 29, 1986, at Detroit. Decided September 8, 1986. Leave to appeal applied for.

Donald A. Natsch received emergency medical aid from firefighters and paramedics from the fire department of the City of Southfield in 1981. In 1984, Natsch filed a complaint in the Oakland Circuit Court against the City of Southfield and Larry Birkett, Ralph Philip, and Fred Meinecke, the fire department personnel who rendered aid. Natsch alleged that the individual defendants failed to properly immobilize his head and neck when they moved him from the scene of the accident, resulting in the aggravation of a fractured cervical vertebrae. Natsch's wife filed a claim for loss of consortium. The circuit court, David F. Breck, J., denied a motion for accelerated judgment brought by defendants, who argued that the plaintiffs' action is barred by the two-year period of limitations for malpractice actions. Defendants' application for leave to appeal was granted by the Court of Appeals.

The Court of Appeals *held:*

Plaintiffs' action is barred by the two-year period of limitations for malpractice actions. At the time of the tort alleged by plaintiffs, the individual defendants were engaged or otherwise assisted in the medical care and treatment of plaintiff Donald A. Natsch in the course of their employment by defendant City of Southfield, which by owning and operating its fire department's life support and emergency services department was a health care facility for purposes of the section of the Revised Judicature Act that provides for a two-year period of limitations for malpractice actions.

Reversed and remanded for entry of judgment in favor of defendants.

REFERENCES

Am Jur 2d, Physicians and Surgeons §§ 200 *et seq.*

Am Jur 2d, Statutes §§ 141 *et seq.*

When statute of limitations commences to run against malpractice action against physician, surgeon, dentist, or similar practitioner. 80 ALR2d 368.

See also the annotations in the Index to Annotations under Limitation of Actions; Statutes.

1. STATUTES — JUDICIAL CONSTRUCTION — EJUSDEM GENERIS.

The doctrine of ejusdem generis requires that a general word or phrase used in a statute, following an enumeration of specific things, be interpreted to refer to things of the same general character as those specified in the statute; however, the doctrine does not apply when it would defeat the plain purpose and intent of the Legislature.

2. STATUTES — JUDICIAL CONSTRUCTION.

Two or more statutes affecting a person or subject should be read together and each given effect if such can be done without repugnancy, absurdity, or unreasonableness.

3. NEGLIGENCE — MEDICAL MALPRACTICE — EMERGENCY MEDICAL TECHNICIANS — ACTIONS — LIMITATION OF ACTIONS.

An action alleging negligence by an emergency medical technician, who was employed by an ambulance operation or advanced mobile emergency care service and who was engaged or otherwise assisted in medical care treatment of the plaintiff, is subject to the two-year period of limitations for malpractice actions (MCL 333.20106[1][a], 600.5838[1]; MSA 14.15[20106][1][a], 27A.5838[1]).

*Rhodes, Laramie & Williams, P.C.* (by *Robert E. Laramie*), for plaintiffs.

*Ulanoff, Ross & Wesley, P.C.* (by *Stuart A. Ulanoff*), for defendants.

Before: SULLIVAN, P.J., and ALLEN and J. T. KALLMAN,* JJ.

J. T. KALLMAN, J. This case requires us to determine whether suits against emergency medical technicians for negligent performance of their duties are subject to the two-year statute of limitations applicable to malpractice actions. Plaintiff Donald Natsch was injured in an automobile collision in 1981. The individual defendants, all employees of defendant City of Southfield, were called to the scene to render emergency aid. Defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Philip is a firefighter and defendants Birkett and Meinecke are firefighters-paramedics.

In 1984, Donald Natsch filed his complaint, in which he alleged that the individual defendants failed to properly immobilize his head and neck when moving him from the scene of the accident, and that he consequently suffered an aggravation of a fractured cervical vertebrae. Plaintiff Gloria Natsch's claim is a derivative one for loss of consortium.

The defendants moved for accelerated judgment pursuant to GCR 1963, 116.1(5), now MCR 2.116(C)(7), based upon the two-year malpractice limitations period of MCL 600.5805(4); MSA 27A.5805(4). The circuit court denied the motion, and held that the three-year period for actions for personal injury applied. MCL 600.5805(8); MSA 27A.5805(8). We granted the defendants' application for leave to appeal to consider whether the instant suit is a malpractice action within the scope of MCL 600.5838; MSA 27A.5838.

Section 5838(1) of the Revised Judicature Act, MCL 600.5838(1); MSA 27A.5838(1), provides:

> A claim based on the malpractice of a person who is, or holds himself out to be, a member of a state licensed profession, intern, resident, registered nurse, licensed practical nurse, registered physical therapist, clinical laboratory technologist, inhalation therapist, certified registered nurse anesthetist, x-ray technician, hospital, licensed health care facility, employee or agent of a hospital or licensed health care facility who is engaging in or otherwise assisting in medical care and treatment, or any other state licensed health professional, accrues at the time that person discontinues treating or otherwise serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice

arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.

The extensive list of occupations and professions included in the statute reflects the Legislature's intent to expand the class of individuals who may be sued for malpractice while also limiting the time in which suit may be brought. *Adkins v Annapolis Hospital,* 116 Mich App 558, 562; 323 NW2d 482 (1982), aff'd 420 Mich 87, 95; 360 NW2d 150 (1984).

The individual defendants maintain that they are "state licensed health professionals" included in the two-year provision. The plaintiffs rely on the doctrine of ejusdem generis and counter that only the specifically enumerated professions have the benefit of § 5838. The doctrine of ejusdem generis requires that a general word or phrase used in a statute, following an enumeration of specific things, be interpreted to refer to things of the same general character as those specified. However, the doctrine does not apply when it would defeat the plain purpose and intent of the Legislature. *In re Mosby,* 360 Mich 186, 192; 103 NW2d 462 (1960), *Utica State Savings Bank v Village of Oak Park,* 279 Mich 568, 573; 273 NW 271 (1937). We disagree with the plaintiffs' suggestion that emergency medical technicians or paramedics are not within the same general class as those occupations listed in § 5838. Moreover, we cannot ignore the Legislature's intent in including the broad category of "any other state licensed health professional." Every word, sentence and section of a statute should be given effect. *Soap & Detergent Ass'n v Natural Resources Comm,* 415 Mich 728, 738; 330 NW2d 346 (1982). The statutory list of professions and occupations is not exhaustive. *Adkins v Annapolis Hospital, supra.*

The Revised Judicature Act does not define "state licensed health professional," nor is there a statutory definition of "paramedic." However, emergency medical technicians are defined in the Public Health Code as individuals who have met the requirements of approved emergency medical technician-ambulance courses and are licensed by the state. MCL 333.20701 *et seq.;* MSA 14.15(20701) *et seq.* They are authorized to render emergency medical services, but generally only under the instruction and supervision of a licensed physician, specially designated emergency room registered nurse, or certified advanced cardiac life support provider. MCL 333.20742; MSA 14.15(20742).

Article 15 of the Public Health Code defines health occupations and professions:

> (1) "Health occupation" means a health related vocation, calling, occupation, or employment performed by individuals whether or not licensed or registered under this article.
> (2) "Health profession" means a vocation, calling, occupation, or employment performed by individuals acting pursuant to a license or registration issued under this article. [MCL 333.16105; MSA 14.15(16105).]

Emergency medical technicians are not licensed under Article 15. Rather, they are regulated under Article 17 of the code, MCL 333.20707; MSA 14.15(20707), and are therefore engaged in a "health occupation" and not a "profession."

Although the categorization of emergency medical technician services as a health occupation is in a separate statutory scheme from the malpractice limitations provision at issue here, we read the statutes in pari materia. Two or more statutes affecting a person or subject should be read to-

gether and each given effect if such can be done without repugnancy, absurdity, or unreasonableness. *People v Smith,* 423 Mich 427, 441; 378 NW2d 384 (1985), *Micu v City of Warren,* 147 Mich App 573, 582-583; 382 NW2d 823 (1985), lv den 425 Mich 877 (1986). Applying the legislative definition of "health profession" found in the Public Health Code, emergency medical technicians are not included as "state licensed health professionals" in § 5838 of the Revised Judicature Act.

However, we nevertheless conclude that emergency medical technicians are subject to the two-year malpractice limitation period of § 5838. Also listed by the Legislature in that provision is an "employee or agent of a hospital or licensed health care facility who is engaging in or otherwise assisting in medical care and treatment." A "health care facility" is defined in the Public Health Code to include an ambulance operation or advanced mobile emergency care service. MCL 333.20106(1)(a); MSA 14.15(20106)(1)(a).

In the instant case, it is undisputed that the defendant City of Southfield is the owner and operator of its fire department's life support and emergency services department, and that the individual defendants were employees of that department. The plaintiffs also acknowledge in their complaint that each of the defendants was engaged in emergency medical care of plaintiff Donald Natsch at the time the alleged tort occurred. Thus, the individual defendants were employees of a health care facility engaged or assisting in medical care, and the plaintiffs' claims fall squarely within the purview of the two-year malpractice limitations period. Their complaint, filed nearly three years after the incident, was untimely and their claims were therefore barred. Accordingly,

the circuit court is reversed and this case remanded for entry of judgment on behalf of the defendants.

Reversed and remanded.