PEOPLE v RAHILLY
PEOPLE v HARNS
PEOPLE v STANLEY

Docket Nos. 227682, 229762, 229829. Submitted May 8, 2001, at Lansing.
Decided July 31, 2001, at 9:05 A.M. Leave to appeal sought.

Adam P. Rahilly pleaded guilty in the Ingham Circuit Court, William E.
Collette, J., to a charge of fourth-degree criminal sexual conduct.
He registered in accordance with the provisions of the Sex Offend-
ers Registration Act (SORA), MCL 28.721 *et seq.*, was assigned to the
status of youthful trainee pursuant to the provisions of the Youthful
Trainee Act (YTA), MCL 762.11 *et seq.*, and was sentenced to twenty-
four months' probation pursuant to the YTA. He filed a motion to
have his name removed from the SORA registry after he successfully
completed the terms of his probation. The court granted the
motion. The prosecution appealed by leave granted. (Docket No.
227682).

Daniel Harns pleaded guilty in the Washtenaw Circuit Court, John B.
Collins, J., to charges of fourth-degree criminal sexual conduct and
indecent exposure. Following his completion of ten months on an
electronic tether and three years' probation while assigned to the
status of youthful trainee pursuant to the YTA, he moved for an
exemption from registration under the SORA. The court granted the
motion. The prosecution appealed by leave granted. (Docket No.
229762).

Timothy M. Stanley pleaded guilty in the Macomb Circuit Court, John
B. Bruff, J., to charges of fourth-degree criminal sexual conduct
and aggravated assault. He was sentenced to six months' probation
and assigned to the status of youthful trainee pursuant to the YTA.
The court granted the defendant's motion to exempt him from
registration under the SORA. The prosecution appealed by leave
granted. (Docket No. 229829). The appeals were consolidated.

The Court of Appeals *held*:

There is no statutory provision providing for a person's removal
from the SORA registry on the basis of the person's participation in
and completion of the requirements of the YTA. Compliance with
the provisions of both acts does not lead to absurd results.

Reversed and remanded.

HOLBROOK, JR., P.J., dissenting, stated that the majority's construction of the SORA is not in accordance with the express language and the legislative policy of the YTA. The definition of "convicted" in the SORA, written in the present tense, states that convicted means being assigned to youthful trainee status. Therefore, once the individual is no longer assigned to youthful trainee status, the individual is no longer considered convicted for purposes of the SORA. The individual is required to register during the duration of his youthful trainee status, but the requirement ends once the individual is released from that status upon completion of the assigned program. The orders of the trial courts should be affirmed.

1. CRIMINAL LAW — YOUTHFUL TRAINEE ACT — SEX OFFENDERS REGISTRATION ACT.

The Youthful Trainee Act requires an individual assigned to youthful trainee status for a listed offense enumerated in § 2 of the Sex Offenders Registration Act to comply with the requirements of the registration act; there is no statutory provision for the removal of an individual from the registration act's registry following the individual's participation in and completion of the requirements of the Youthful Trainee Act (MCL 28.722, 762.14[3]).

2. CRIMINAL LAW — SEX OFFENDERS REGISTRATION ACT — YOUTHFUL TRAINEE ACT.

The Sex Offenders Registration Act defines "convicted" as being assigned to youthful trainee status under the Youthful Trainee Act; while the assignment of an individual to youthful trainee status does not result in a conviction pursuant to the terms of the Youthful Trainee Act, assignment to youthful trainee status does constitute a conviction for purposes of the Sex Offenders Registration Act (MCL 28.722[a][*ii*], 762.14[2]).

3. CRIMINAL LAW — SEX OFFENDERS REGISTRATION ACT — YOUTHFUL TRAINEE ACT.

A sentencing court in an action involving an offense for which registration is required under the Sex Offenders Registration Act may not enter an order of disposition or assign an individual to youthful trainee status under the Youthful Trainee Act until it determines that the individual is registered as required by the registration act; once registered, the individual must comply with the registration act for a period of twenty-five years following such registration or for ten years following the individual's release from a state correctional facility, whichever is longer (MCL 28.722, 28.724[5], 28.725[6], 762.11 *et seq.*).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Stuart J. Dunnings, III*, Prosecuting Attorney, and *Guy L. Sweet*, Assistant Prosecuting Attorney, Appeals Division Chief, for the people in Docket No. 227682; *Brian Mackie*, Prosecuting Attorney, and *Lenore M. Ferber*, Assistant Prosecuting Attorney, for the people in Docket No. 229762; and *Chester S. Sugierski, Jr.*, Assistant Attorney General, for the people in Docket No. 229829.

*Peter Tazelaar*, for Adam P. Rahilly.

*Douglas R. Mullkoff*, for Daniel Harns.

*Femminineo Attorneys, P.L.L.C.* (by *Jacob M. Femminineo, Jr.*), for Timothy M. Stanley.

Before: HOLBROOK, JR., P.J., and HOOD and GRIFFIN, JJ.

HOOD, J. In these consolidated appeals, the prosecution appeals by leave granted from the trial courts' orders removing or exempting defendants from the registration provisions of the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.* We reverse and remand.

In Docket No. 227682, defendant Adam Peter Rahilly pleaded guilty to a charge of fourth-degree criminal sexual conduct, MCL 750.520e (contact). The complainant and defendant were college students. Defendant asked the complainant if he could kiss her, and she said no. Defendant touched the complainant's breast. The complainant fell asleep with defendant behind her. When she woke up, defendant was on top of the complainant and digitally penetrated her. Defendant stated that he had been drinking and did

not recall the incident. Defendant was sentenced as a youthful trainee to twenty-four months' probation pursuant to the Youthful Trainee Act (YTA), MCL 762.11 *et seq.* Defendant registered in accordance with the provisions of the SORA. After he successfully completed the terms of his probation, defendant filed a motion to have his name removed from the SORA registry. The trial court granted the motion.

In Docket No. 239762, defendant Daniel Harns pleaded guilty to a charge of fourth-degree criminal sexual conduct, MCL 750.520e, and indecent exposure, MCL 750.335a. Defendant exposed himself to several girls under the age of six years old at his parents' home where his mother ran a baby-sitting service. Additionally, defendant removed the clothing of a 4½-year-old girl and touched her vagina. Following the completion of ten months on an electronic tether and three years on probation while assigned to the status of youthful trainee pursuant to the YTA, defendant moved for an exemption from registration under the SORA, and the trial court granted the motion.

In Docket No. 229829, defendant Timothy Michael Stanley pleaded guilty to a charge of fourth-degree criminal sexual conduct, MCL 750.520e, and aggravated assault, MCL 750.81a. Defendant grabbed the complainant's hand and forced it onto his genitals, then assaulted the complainant's boyfriend. Defendant was sentenced to six months' probation and assigned to the status of youthful trainee pursuant to the YTA. The trial court granted defendant's motion to exempt him from registration under the SORA. We granted the prosecution's applications for leave to appeal in each case and consolidated the appeals.

The prosecution argues that there is no provision for removal from the SORA registry on the basis of participation in and completion of the requirements of the YTA. We agree. Statutory interpretation presents a question of law that we review de novo. *People v Nimeth*, 236 Mich App 616, 620; 601 NW2d 393 (1999). When resolving disputed interpretations of statutory language, it is the function of the reviewing court to effectuate the legislative intent. *People v Valentin*, 457 Mich 1, 5; 577 NW2d 73 (1998). When the language of the statute is clear, the Legislature intended the meaning plainly expressed, and the statute must be enforced as written. *Id.* We presume that every word has some meaning, and we must avoid any construction that would render any part of the statute surplusage or nugatory. *People v Borchard-Ruhland*, 460 Mich 278, 285; 597 NW2d 1 (1999). The Legislature is presumed to be aware of and legislate in harmony with existing laws when enacting new laws. *Walen v Dep't of Corrections*, 443 Mich 240, 248; 505 NW2d 519 (1993). The omission of a provision from one part of a statute that is included in another part of a statute must be construed as intentional. That is, we "cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there." *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993). Two statutes that relate to the same subject or share a common purpose are in pari materia and must be read together. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998). The goal of the in pari materia rule is to give effect to the legislative purpose found in the harmonious statutes. *Id.* When two stat-

utes lend themselves to a construction that avoids conflict, that construction should control. *Id.*

The YTA provides a mechanism for individuals who commit certain crimes between the time of their seventeenth and twenty-first birthdays to be excused from having a criminal record. *People v Bobek* 217 Mich App 524, 529; 553 NW2d 18 (1996), citing *People v Dolgorukov*, 191 Mich App 38, 39; 477 NW2d 118 (1991). Pursuant to MCL 762.11, an individual within the restricted age range may plead guilty of a specified offense, and the court having jurisdiction may assign the individual to the status of youthful trainee. Once having assigned the individual to the status of youthful trainee, the court may commit the individual to custodial supervision for not more than three years in a specially designated Department of Corrections facility, place the individual on probation for not more than three years, or commit the individual to the county jail for not more than one year. MCL 762.13. Thus, the individual assigned to youthful trainee status is nonetheless punished for the crime committed. The individual assigned to youthful trainee status derives a benefit from the status if he successfully completes the punishment imposed. MCL 762.14 provides in relevant part:

> (1) If consideration of an individual as a youthful trainee is not terminated and the status of youthful trainee is not revoked as provided in section 12 of this chapter [MCL 762.12], upon final release of the individual from the status as youthful trainee, the court shall discharge the individual and dismiss the proceedings.
>
> (2) An assignment of an individual to the status of youthful trainee as provided in this chapter is not a conviction for a crime and, except as provided in subsection (3), the individual assigned to the status of youthful trainee shall

not suffer a civil disability or loss of right or privilege fol-
lowing his or her release from that status because of his or
her assignment as a youthful trainee.

*     *     *

(4) Unless the court enters a judgment of conviction
against the individual for the criminal offense under section
12 of this chapter, all proceedings regarding the disposition
of the criminal charge and the individual's assignment as
youthful trainee shall be closed to public inspection, but
shall be open to the courts of this state, the department of
corrections, the department of social services, and law
enforcement personnel for use only in the performance of
their duties.

In 1994, our Legislature enacted the SORA that
required convicted sex offenders to register with local
law enforcement agencies. *People v Pennington*, 240
Mich App 188, 191; 610 NW2d 608 (2000). In 1999, the
SORA was amended. It continued to provide a database
for law enforcement officers to track the where-
abouts of sexual offenders. However, it expanded the
notification provisions to allow public access to infor-
mation regarding sex offenders. *Id.*; MCL 28.728(2).
Specifically, the public could either utilize the SORA
database to identify registered sex offenders by zip
code, which search reveals the name of the offender,
and the offender's address, physical description, and
the offense involved, or search the SORA database by
name of the offender. *Id.*

The Legislature amended the YTA to account for the
creation of the SORA. Specifically, MCL 762.14(3)
provides:

An individual assigned to youthful trainee status for a
listed offense enumerated in section 2 of the sex offenders

registration act is required to comply with the requirements of that act.

Additionally, while MCL 762.14(2) provides that the assignment of an individual to youthful trainee status does not result in a conviction, for purposes of the SORA, assignment to youthful trainee status, in fact, constitutes a conviction. MCL 28.722(a)(*ii*) defines convicted as "[b]eing assigned to youthful trainee status under sections 11 to 15 of chapter II of the code of criminal procedure, 1927 PA 175, MCL 762.12 to 762.15." In fact, MCL 28.724(5) provides that the sentencing court may not enter an order of disposition or assign an individual to youthful trainee status *until* it determines that the individual is registered with the local law enforcement or sheriff's department, or the Department of State Police. Once registered, the individual must comply with the SORA for a period of twenty-five years following the date of the initial registration or for ten years following the person's release from a state correctional facility, whichever is longer. MCL 28.725(6).

In accordance with the cited rules regarding statutory construction, we presume that the Legislature was aware of the YTA when it enacted the SORA. *Walen, supra.* In this case, the presumption is buttressed by the fact that each statute references the other. Despite the plainly expressed language of the statutes requiring registration by individuals with YTA status, the trial courts ordered the removal or exempted defendants' names from the SORA registry. The trial courts concluded that compliance with the SORA led to absurd results and deprived defendants of the "second chance" offered by the YTA. While *some* case law provides that statutes should be construed to prevent

absurd results, injustice, or prejudice to the public interest, *People v Stephan*, 241 Mich App 482, 497; 616 NW2d 188 (2000), citing *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998); cf. *People v McIntire*, 461 Mich 147, 155-160; 599 NW2d 102 (1999) (rejecting the "absurd result" mode of statutory construction ), a sex offender's compliance with both the SORA and the YTA does not lead to absurd results. If an individual successfully completes YTA status, the court shall discharge the individual and dismiss the proceedings. MCL 762.14(1). Despite having committed a crime, the individual is not deemed as having been convicted of a crime for purposes of the Code of Criminal Procedure. MCL 762.14(2). Thus, the individual derives a benefit from YTA status. For example, the individual, for purposes of providing a history in applying for employment, need not list the offense as a conviction. However, the Legislature has concluded that law enforcement agencies and the public should, nonetheless, continue to be apprised of the individual's whereabouts for purposes of tracking the offender and for the safety of the public. Thus, the individual is still provided a benefit by having YTA status, but is not excused from the registration procedures of the SORA. This interpretation, in accordance with the plain, expressed language of the two statutes, does not lead to absurd results, but rather indicates that the public interest is paramount to full suppression of the information surrounding the individual's offense and his current location. *Webb, supra.*

Defendants argue that registration in the SORA registry should be limited to the time necessary to complete the terms of the sentence imposed until the youth is discharged from youthful trainee status. This

construction is contrary to the plain language of the statutes. MCL 762.14(3) provides that registration shall occur in accordance with the procedures set forth in the SORA. The SORA provides that the term of the registration shall occur for twenty-five years from the time of registration or ten years following the person's release from a state correctional facility, whichever is longer. MCL 28.725(6). There is no exception to this time frame for youthful trainee status. We cannot assume that this was an inadvertent omission by the Legislature. *Farrington, supra.* Accordingly, defendants' argument is without merit.

Reversed and remanded. We do not retain jurisdiction.

GRIFFIN, J., concurred.

HOLBROOK, JR., P.J. (*dissenting*). I respectfully dissent. This case centers on how to read two related legislative enactments: the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*, and the Youthful Trainee Act (YTA), MCL 762.11 *et seq.* The majority concludes that "a sex offender's compliance with both the SORA and the YTA does not lead to absurd results." *Ante* at 116. I agree. However, I disagree with the manner in which the majority has reconciled the two. In particular, I believe that the majority's construction of the SORA is not in accord with the express language and the legislative policy of the YTA.

Although not specifically stated by the majority, I presume it found an ambiguity justifying the application of the rules of statutory construction, particularly the doctrine of in pari materia. *Tyler v Livonia Public Schools*, 459 Mich 382, 392; 590 NW2d 560 (1999) (observing that "the interpretive aid of the doctrine of

in pari materia can only be utilized in a situation where the section of the statute under examination is itself ambiguous"). I agree that such an ambiguity exists. In my opinion, the ambiguity emanates from the SORA's definition of the term, "convicted." MCL 28.722(a)(*ii*) defines convicted to include "[b]eing assigned to youthful trainee status under sections 11 to 15 of chapter II of the code of criminal procedure . . . ." However, § 14 of YTA specifically states that the "assignment of an individual to the status of youthful trainee as provided in this chapter is not a conviction for a crime . . . ." MCL 762.14(2).

From the perspective of both the Legislature and the public, the two acts are in pari materia with each other. 2B Singer, Sutherland Statutory Construction (6th ed, 2000), § 51.01, p 172. Accordingly, because we have been called on to construe the two, we should let our reading of the acts be informed by this understanding. The doctrine of in pari materia provides that statues that seem to be in conflict should be "construed to be in harmony if reasonably possible." *Id.*, § 51.02, p 191. Accord *Klein v Franks*, 111 Mich App 316, 322; 314 NW2d 602 (1981). It is often stated that statutes must be read so as to prevent absurd results. See, e.g., *People v Stephan*, 241 Mich App 482, 497; 616 NW2d 188 (2000). It is also true that when two apparently conflicting statutes are being harmonized, each should be given effect "if such can be done without repugnancy, absurdity, or unreasonableness." *Natsch v Southfield*, 154 Mich App 317, 322; 397 NW2d 294 (1986). Further, a new statutory "provision is presumed in accord with the legislative policy embodied in" previous statues related to the

same subject matter. 2B, Sutherland, *supra*, § 51.02, pp 176-177.

The YTA is a remedial statutory scheme designed to give those who successfully complete the assigned punishment a second chance free from all taint associated with conviction. *People v Bobek*, 217 Mich App 524, 529; 553 NW2d 18 (1996). This wiping clean of the slate of youthful offenders "evidences a legislative desire that persons in [the specified] age group not be stigmatized with criminal records for unreflective and immature acts." *People v Perkins*, 107 Mich App 440, 444; 309 NW2d 634 (1981). In order to facilitate this goal, the YTA mandates that "all proceedings regarding the disposition of the criminal charge . . . shall be closed to public inspection . . . ." MCL 762.14(4). Conversely, and for laudable reasons, the SORA is designed to place on public display the identities of persons who have been convicted of certain criminal sexual offenses. Rather than hoping to avoid tainting an individual with their criminal history, the SORA pins the ignominious badge "sex offender" on those who are required to register under the terms of the act.

Unlike the majority, I believe that requiring a former youthful trainee to register as a sex offender for years following successful release from that status undermines the goals of the YTA. The fact that one who is successfully released from the status of youthful trainee need not list the offense as a conviction when applying for a job, *ante* at 116, seems like a hollow benefit if the person is at the same time required to be registered as a sex offender pursuant to the SORA. It would be easy enough for a prospective employer to access the established Internet Web site

and discover the applicant's history. Knowing this, would not an applicant be wise to simply list the offense on an application and thus avoid the added problem of having the potential employer feel as if the applicant was being untruthful and attempting to hide a criminal past? Or, should the applicant wait for discovery and hope that the employer will be satisfied with an explanation on how the applicant is not considered to have been convicted on one hand, but is considered to have been convicted on the other?

For those to whom the YTA applies, the promise that a criminal record would be expunged and a slate wiped clean is a substantial incentive to plead guilty. Many such individuals have entered into such a plea bargain in order to "be excused from having a criminal record." *Bobek, supra* at 528-529. I believe the majority's opinion eviscerates the benefits of such a course of action for those charged with having committed those sexual offenses listed in § 2 of the SORA.

I believe the SORA and the YTA can be read in a manner that effectuates the goals of each. The definition of "convicted" in MCL 28.722(a)(*ii*) is written in the present tense. It does not indicate that the individual "had been" assigned to youthful trainee status. Rather, it states that convicted means *"[b]eing assigned* to youthful trainee status . . . ." (Emphasis added.) The use of the present tense indicates that once the individual is no longer assigned to youthful trainee status, then the individual would no longer be considered convicted for purposes of the SORA. Under this reading of the statutory language, such an individual would be required to register during the duration of their youthful trainee status, but that requirement would end once the individual was released

from that status after successfully completing the assigned program.

This is in keeping with the language of MCL 762.14(2) and (3), which, also in the present tense, refer to a youthful trainee's obligations and rights vis-à-vis the SORA. MCL 762.14(2) states that "except as provided in subsection (3), the individual assigned to the status of youthful trainee shall not suffer a civil disability or loss of right or privilege following his or her release from that status because of his or her assignment as a youthful trainee." The last antecedent rule of statutory construction posits that "[r]eferential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent." 2A, Sutherland, *supra* , § 47.33, p 369. Applying this rule of construction to subsection 14(2), the phrase "civil disability" stands on its own, and the phrase "following his or her release from that status" modifies only the last antecedent, which in this case is the phrase "loss of right or privilege." There are no commas separating the qualifying phrase that would indicate it applies to all preceding antecedents. See *Spears v State*, 412 NE2d 81, 82-83 (Ind App, 1980) ("Where commas set off a modifying phrase it is evidence that the phrase was intended to apply to all principles instead of only the one adjacent to it."); 2A, Sutherland, *supra,* § 47.33, p 373 ("Evidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedent by a comma."

Thus, I read subsection 14(2) as indicating that the "civil disability" that the youthful trainee must suffer pursuant to the SORA is the requirement that the

trainee "comply with the requirements of that act" while "assigned to youthful trainee status for a listed offense enumerated in section 2" of the SORA. MCL 762.14(3). The use of the present tense in the phrase "assigned to youthful trainee status" indicates that once released from that status, the former trainee is no longer required to suffer the civil disability, i.e., no longer being assigned to youthful trainee status, the requirement to comply with the SORA is lifted.

Harmonizing the two acts in this fashion does not lead to an absurd or unjust result. However, I agree with the courts below that to require these three defendants to comply with the SORA even though they have successfully completed their youthful trainee status would lead to an absurd result that is not in accord with the plain language and legislative goals of the YTA.

Further, I believe that when reading the SORA's definition of "convicted," we should be mindful of why a definition including YTA youthful trainees is needed in the first place. "A person who successfully completes youthful trainee status will not be considered to have been convicted of a crime . . . ." *People v Trinity*, 189 Mich App 19, 21; 471 NW2d 626 (1991). Indeed, the procedure outlined in the YTA precludes the entry of a judgment of conviction before assignment of an individual to youthful trainee status. MCL 762.11 (observing that the court has the discretion, "without entering a judgment of conviction," to assign an individual to the status of youthful trainee). Rather, the YTA sets up "rehabilitative procedures *prior to conviction* on the petition of the affected youth." *People v Bandy*, 35 Mich App 53, 58; 192 NW2d 115 (1971) (emphasis added). In other words, the YTA sets up "an adminis-

trative procedure within criminal procedure" that interrupts the course of criminal proceedings in an attempt to rehabilitate the youth involved. *Id.* "In the event that the attempt to rehabilitate . . . fails and [the trainee's] status . . . is revoked, § 12 . . . reinstates the criminal procedure at the point where it was interrupted . . . ." *Id.* at 59.

I also believe that the majority's position opens up the SORA to due process challenges. This is not a situation where a convicted sex offender is attempting "to limit widespread exposure of that information which is already public . . . ." *Akella v Michigan Dep't of State Police*, 67 F Supp 2d 716, 730 (ED Mich, 1999). For one thing, once the youthful trainee successfully completes the trainee's program, the trainee's "record is closed to public inspection." *Trinity, supra* at 21. More importantly, as noted above, a final adjudication of guilt is never entered in such situations.

For these reasons, I would affirm the action taken in each trial court.