# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

WAYNE DUANE JENKINS,

        Defendant-Appellee.

UNPUBLISHED
December 5, 2017

No. 333709
Oakland Circuit Court
LC No. 2003-188152-FH

Before: SHAPIRO, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

The prosecution appeals as of right the trial court's order removing defendant from the public sex offender registry (PSOR) and reducing his registration period under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.* to 25 years. Because defendant is subject to lifetime registration under SORA, we reverse.

On January of 2003, defendant pleaded guilty to criminal sexual conduct in the second degree (CSC-II), MCL 750.520c(1)(a), involving a victim under 13 years of age. In relation to his guilty plea, defendant admitted that, when he was 20 years old, he licked a 5-year-old family member for sexual gratification. Defendant was subsequently assigned to youthful trainee status under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq.*, and ordered to spend 183 days in jail and also placed on probation for 5 years. Defendant was also required to register as a sex offender pursuant to SORA.

On May 5, 2016, defendant filed a petition to discontinue sex offender registration. At the hearings on his motion, defendant contended that he should be excused from SORA registration because the law had changed. Specifically, defendant conceded that the current version of SORA classified him as a tier-III offender subject to lifetime registration; but, defendant maintained that lifetime registration should not apply to him because, at the time of his conviction, he did not have to register due to his HYTA status or, at most, he was only required to register for 25 years. Defendant also argued that he should be removed from the PSOR.

In considering defendant's arguments, the trial court stated that defendant was in a "Catch 22" or a "gray area" under the law. According to the trial court, in assigning defendant to HYTA status, the intention was that he would not have to register as a sex offender. Based on the belief that the law had changed to subject defendant to lifetime registration under SORA, the

-1-

trial court ordered that defendant be removed from the PSOR and listed only on the non-public registry for a total period of 25 years. The prosecution now appeals as of right.

On appeal, the prosecution contends that the trial court erred when it ordered that defendant be listed on the nonpublic registry for a period of 25 years. According to the prosecutor, given his tier-III status, defendant is subject to lifetime sex offender registration under SORA, including inclusion on the PSOR. The prosecutor acknowledges that an individual may be released from SORA's requirements for the reasons stated in MCL 28.728c and that there are exceptions to inclusion in the PSOR under MCL 28.728(4); but, the prosecutor asserts that none of these provisions apply in this case. Contrary to the trial court's conclusion that the law had changed, the prosecution also argues that the lifetime reporting requirement applied at the time of defendant's offense and conviction.

The construction and application of SORA presents a question of law, which we review de novo on appeal. *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009).

SORA was enacted in 1994, and it took effect on October 1, 1995. 1994 PA 295; *People v Temelkoski*, 307 Mich App 241, 248; 859 NW2d 743 (2014), lv gtd 498 Mich 942 (2015). An individual "who is convicted of a listed offense after October 1, 1995" is required to register under SORA. MCL 28.723(1)(a). Among those "convicted" of a crime for purposes of SORA are individuals who were assigned to HYTA status before October 1, 2004 for a "listed offense." MCL 762.14(3); MCL 28.722(b)(*ii*)(A). CSC-II pursuant to MCL 750.520c(1)(a) is a "listed offense" under SORA, and an individual who is convicted under MCL 750.520c(1)(a) is classified as a tier-III sex offender. MCL 28.722(j); MCL 28.722(w)(*v*). A tier-III sex offender must comply with SORA's registration requirements for life. MCL 28.725(12).

Since September 1, 1999, SORA has required that the department of state police maintain the PSOR, which makes information about sex offenders available to the public. MCL 28.728(2); MCL 28.722(d); 1999 PA 85; *People v Rahilly*, 247 Mich App 108, 114; 635 NW2d 227 (2001). Generally, offenders required to register under SORA, including registered offenders assigned to HYTA status, are included on the PSOR. *Temelkoski*, 307 Mich App at 248-249. There are limited exceptions to inclusion in the PSOR for some juvenile offenders and some tier-I offenders. See MCL 28.728(4); *Temelkoski*, 307 Mich App at 248 n 5.

An individual subject to SORA may file a petition to discontinue registration. In particular, MCL 28.728c provides "the sole means by which an individual may obtain judicial review of his or her registration requirements under" SORA. MCL 28.728c(4). A tier-III offender may petition for discontinuance under MCL 28.728c(13), (14), and (15). See MCL 28.728c(2), (3).

Turning to the present case, defendant committed the offense in question in August of 2002, he was convicted in January of 2003, and he was assigned to HYTA status in March of 2003. The offense was CSC-II under MCL 750.520c(1)(a), which is a listed offense under SORA and specifically a tier-III offense. MCL 28.722(j); MCL 28.722(w)(*v*). Although defendant received HYTA status, he received this status for a listed offense *before* October 1, 2004, meaning that he was "convicted" for purposes of SORA. MCL 762.14(3); MCL

28.722(b)(*ii*)(A). As a convicted tier-III sex offender, defendant is subject to lifetime SORA registration. MCL 28.725(12).

Despite the fact that defendant is clearly a tier-III offender subject to lifetime registration under SORA, the trial court reduced defendant's registration period to 25 years and ordered his removal from the PSOR. In doing so, at the hearing on defendant's motion to discontinue SORA registration, the trial court remarked that "clearly" HYTA had been ordered in this case so that defendant would *not* be subject to SORA registration. The trial court also reasoned that continued registration under the PSOR and lifetime registration was inappropriate because the law had changed to increase the length of defendant's registration under SORA.

The trial court's reasoning is flawed for two reasons. First, as the law currently stands in Michigan, SORA is typically not considered "punishment" and thus changes to SORA have been applied retroactively. See *Temelkoski*, 307 Mich App at 270; *People v Bosca*, 310 Mich App 1, 60; 871 NW2d 307 (2015), held in abeyance 872 NW2d 492 (2015).[1] Second, the trial court's concern about a change in the law was unfounded. Since defendant's conviction and sentencing, SORA has been amended numerous times. See, e.g., 2013 PA 2; 2011 PA 18; 2004 PA 238. But, the specific issues identified by the trial court—i.e., defendant's lifetime registration and the requirement that defendant register despite his HYTA status—have not been altered. In other words, when defendant committed CSC-II under MCL 750.520c(1)(a) in 2002, when defendant was convicted in 2003, and when he was assigned to HYTA status in 2003, he was subject to lifetime registration under SORA notwithstanding his HYTA status. See MCL 28.722(a)(*ii*), as enacted by 1994 PA 295; MCL 28.722(a)(*ii*), as amended by 1999 PA 85; MCL 28.722(a)(*ii*), as amended by 2002 PA 542; MCL 762.14(3), as amended 1994 PA 286; MCL 28.725(7)(b), as amended 1999 PA 85; MCL 28.725(7)(b), as amended 2002 PA 542. In short, the trial court was simply mistaken in the conclusion that, at the time of his conviction and assignment to HYTA, defendant's HYTA status was intended to excuse him from SORA registration or that his registration period was only 25 years. This faulty reasoning did not provide a basis for reducing defendant's registration period to 25 years or for removing him from the PSOR.

While not addressed by the trial court, as noted, there are statutory grounds for petitioning to discontinue SORA registration under MCL 28.728c, and there are exceptions to inclusion on the PSOR under MCL 28.728(4). Defendant did not advance arguments under these provisions at the hearings on his motion, but in his written petition he did check boxes related to statutory grounds for discontinuing registration. However, as argued by the prosecutor on appeal, it is obvious that defendant does not satisfy any of the criteria for discontinuance for a tier-III offender under MCL 28.728c(13), (14), or (15). For instance, his SORA registration was

---

[1] The Michigan Supreme Court has granted leave to consider several constitutional issues relating to SORA, including whether SORA's registration requirements constitute "punishment," whether retroactive application of SORA's requirements violates ex post facto principles, and whether requiring someone on HYTA status to register under SORA violates due process. *People v Temelkoski*, 498 Mich 942; 872 NW2d 219 (2015). However, simply granting leave does not lessen the precedential effect of published decisions of this Court. MCR 7.215(C)(2).

not required by an order of disposition involving a juvenile under the probate code. MCL 28.728c(13). The victim was less than 13-years-old. MCL 28.728c(14). Defendant was not under 14 at the time of the offense. MCL 28.728c(15)(a). And, the offense in this case required registration before *and* after July 1, 2011. MCL 28.728c(15)(b). Having failed to satisfy MCL 28.728c(13), (14), or (15), defendant was not statutorily entitled to discontinuance of his SORA registration requirements. See MCL 28.728c(4). Likewise, with regard to inclusion in the PSOR, defendant was not a juvenile when the offense was committed and he is not a tier-I offender, meaning that he is not exempt from inclusion in the PSOR under MCL 28.728(4). Quite simply, defendant was not entitled to any relief under SORA.

In sum, the trial court erred by ordering removal of defendant from the PSOR and by reducing defendant's SORA registration period to 25 years. Defendant remains subject to lifetime registration under SORA.

Reversed.

/s/ Joel P. Hoekstra
/s/ Michael J. Kelly

-4-