*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PP.

LYNN NICHOLS,

        Petitioner-Appellee,

v

PP,

        Respondent-Appellant.

UNPUBLISHED
January 23, 2025
1:03 PM

No. 370552
Washtenaw Probate Court
LC No. 24-000226-MI

Before: M. J. KELLY, P.J., and LETICA and WALLACE, JJ.

PER CURIAM.

Respondent appeals as of right the trial court order granting a petition for involuntary mental-health treatment. Respondent was committed to a combined hospitalization and assisted outpatient treatment no longer than 180 days, with an initial hospitalization period of up to 60 days. For the reasons set forth in this opinion, we affirm.

Respondent, a student at a university in Washtenaw County, had been seeing a psychiatrist for the past four years, and had been diagnosed with major depression, with generalized anxiety and attention deficit hyperactivity disorder. She took medication for her diagnoses, as prescribed by her psychiatrist. In early March 2024, respondent stopped her psychiatric medications and started having religious delusions. Respondent also decided to do a 30-day fast. Concerned friends notified her family. Once admitted at the psychiatric emergency room, she was very agitated, aggressive, and required restraints. In the psychiatric unit, respondent refused to take medications and continued to exhibit episodes of agitation, lack of sleep, pressured speech, and delusions at times, religiously focused. Respondent refused to urinate in the bathroom and urinated on the floor instead, then became afraid that staff were injecting her with urine.

A social worker filed a petition for mental-health treatment for respondent, requesting treatment under MCL 330.1401(b) and (c), and attaching two clinical certificates to the petition. The certificates both recommended hospitalization for respondent's symptoms. The trial court held a hearing on the petition, at which Dr. Heather Schultz, a psychiatrist who examined respondent and completed a clinical certificate, testified that she was "very concerned" about

-1-

respondent's safety and that respondent "does not believe that she needs treatment from us. She does not wish to speak to me when we do discuss treatment." The trial court ultimately granted the petition and entered a combined order, "which will allow for hospitalization up to 60 days . . . [a]nd assisted outpatient treatment not to exceed 180 days." On the order, the trial court designated that respondent required treatment under MCL 330.1401(1)(b) and (c). Respondent now appeals.

Respondent first argues that the trial court erred by granting the prosecutor's request to amend the petition to conform to the evidence presented at the trial because the fact that the original petition did not state the relief requested violated respondent's due-process rights. We disagree.

We review "for an abuse of discretion a probate court's dispositional rulings and reviews for clear error the factual findings underlying a probate court's decision." *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018). An abuse of discretion "occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018). We review "de novo a matter of statutory interpretation." *In re Tchakarova*, 328 Mich App 172, 182; 936 NW2d 863 (2019).

"[C]ivil commitment proceedings in Michigan implicate important liberty interests, protected by due process, that belong to the person who is the subject of a petition for involuntary mental health treatment." *In re Londowski*, 340 Mich App 495, 508; 986 NW2d 659 (2022). "Due process requires that a party receive notice of the proceedings against it and a meaningful opportunity to be heard." *In re Jestila*, 345 Mich App 353, 356; 5 NW3d 362 (2023) (quotation marks and citation omitted). This Court's analysis must balance "the individual's interest in not being subject to involuntary mental health treatment against the state's interest in compelling mental health treatment for a particular individual." *In re Londowski*, 340 Mich App at 509.

The Mental Health Code, MCL 330.1600 *et seq.*, provides that "[a]ny individual 18 years of age or over may file with the court a petition that asserts that an individual is a person requiring treatment." MCL 330.1434(1). The petition "shall contain the facts that are the basis for the assertion, the names and addresses . . . of any witnesses to the facts, and, if known, the name and address of the nearest relative or guardian . . . of the individual." MCL 330.1434(2). Furthermore, the petition "may assert that the subject of the petition should receive assisted outpatient treatment." MCL 330.1434(6).

In regard to amendments to the petition to conform to the evidence, MCR 2.118(C) provides:

(1) When issues not raised by the pleadings are tried by express or implied consent of the parties, they are treated as if they had been raised by the pleadings. In that case, amendment of the pleadings to conform to the evidence and to raise those issues may be made on motion of a party at *any time*, even after judgment.

(2) If evidence is objected to at trial on the ground that it is not within the issues raised by the pleadings, amendment to conform to that proof shall not be allowed *unless* the party seeking to amend satisfies the court that the amendment and the admission of the evidence would not prejudice the objecting party in maintaining his or her action or defense on the merits. The court may grant an adjournment to enable the objecting party to meet the evidence. [Emphasis added.]

-2-

Furthermore, MCR 5.118(A)(2) provides that

> [a] person who has filed a document that is subject to a hearing may amend or supplement the document . . . at the hearing without new notice of hearing if the court determines that material prejudice would not result to the substantial rights of the person to whom the notice should have been directed.

In the present case, in the original petition for mental-health treatment, the petitioner left blank ¶ 9, which provides: "I request the court to determine the individual to be a person requiring treatment and to order" hospitalization only, a combination of hospitalization and assisted outpatient treatment, or assisted outpatient treatment without hospitalization. One certificate attached to the petition recommended "hospitalization only" for respondent, and the other, Dr. Schultz's certificate, recommended "hospitalization only" and "inpatient psychiatric treatment."

During respondent's mental-health hearing, Dr. Schultz requested "a combined treatment order, with inpatient hospitalization and an outpatient AOT [assisted outpatient treatment]." Once the prosecution rested their case, respondent's counsel moved to dismiss the case, stating that

> the petition . . . seeks no prayer for relief. In paragraph nine, nothing is indicated, except—and not even requesting a hearing. And then on the certificates that were filed in support of that, that we've heard testimony that is contrary to the certificates, which only ask for hospitalization only and not a combination of hospital and outpatient treatment. So based on those technicalities I'd ask that you dismiss this case.

The trial court stated that counsel was correct but that the relief requested "can always change depending on the behavior [of respondent] between the time that the petition is filed and the hearing. So, if [a doctor] believe[s] that more than just hospitalization is needed, they can testify to that. And [Dr. Schultz] did." The trial court also noted that ¶ 9 of the petition was blank and asked the prosecutor if she was asking to amend the petition to conform to the testimony presented at the trial, which she affirmed she was, and to which respondent's counsel objected again. The trial court concluded that

> in the absence of prejudice . . . it's up to the Court to allow the petition to be amended to conform to the testimony. And that can be done at any stage in the proceeding. So I am going to permit the amendment to request the relief that the doctor testified to. So, the motion is denied.

Respondent does not present any authority for her contention that the original petition for mental-health treatment was *required* to indicate whether the trial court should order hospitalization only, a combination of hospitalization and assisted outpatient treatment, or assisted outpatient treatment without hospitalization. MCL 330.1434(6) provides only that the petition "*may* assert that the subject of the petition should receive assisted outpatient treatment." (Emphasis added). When resolving disputed statutory interpretations, we presume "that every word has some meaning" and avoids "any construction that would render any part of the statute surplusage or nugatory." *People v Rahilly*, 247 Mich App 108, 112; 635 NW2d 227 (2001).

Even if the petition had been required to contain this indication, this error would have been harmless because it was not "prejudicial such that a failure to grant relief would be inconsistent with substantial justice, i.e., that it is more likely than not the error affected the case's outcome." *In re Miller*, ___ Mich ___, ___; ___ NW3d ___ (2023) (Docket No. 364195); slip op at 3. Paragraph 6 of the petition indicated that two clinical certificates were attached to the petition, one of which recommended "hospitalization only," and the other "hospitalization only" and "inpatient psychiatric treatment." Further, the title of the form was "Petition for Mental Health Treatment." Accordingly, respondent's argument that her due-process rights to notice of the original relief requested were violated because ¶ 9 of the petition was left blank is not persuasive. See *In re Jestila*, 345 Mich App at 356.

Respondent further argues that the trial court abused its discretion by granting the prosecutor's request to amend the petition to conform to the evidence presented at trial because the trial court entered a combined order of hospitalization *and* assisted outpatient treatment, when the original recommendations did not recommend assisted outpatient treatment. Again, respondent does not present any authority for her contention that the trial court was not permitted to enter an order that differed from the relief requested by the clinical certificates. In amending the petition, pursuant to MCR 5.118(A)(2), the trial court stated that "in the absence of prejudice, and I don't believe that prejudice has been shown, it's up to the Court to allow the petition to be amended to conform to the testimony. And that can be done at any stage in the proceeding." The trial court's decision was not outside the range of reasonable and principled outcomes. See *Sanders*, 323 Mich App at 264.

During trial, Dr. Schultz testified that respondent was having "religious delusions," was "agitated" and "aggressive" in the psychiatric emergency room, refused to take medications once admitted, refused to urinate in the bathroom, and experienced "lack of sleep, pressured speech, and delusions." Dr. Schultz testified that she was "very concerned" about respondent's safety. On the basis of this testimony, Dr. Schultz requested "a combined treatment order" of hospitalization and assisted outpatient treatment. Accordingly, in light of the evidence presented at trial, the trial court's decision to allow amendment of the petition was justified and was not an abuse of discretion. See *In re Portus*, 325 Mich App 374, 381; see also *In re Eddins*, 342 Mich App 529, 542-543; 995 NW2d 604 (2022).

Respondent next argues that the trial court plainly erred when it ordered that respondent was required to be treated by Washtenaw County Community Mental Health (CMH), rather than her own psychiatrist, and by finding by clear and convincing evidence that respondent was unable to care for herself pursuant to MCL 330.1401(b). We disagree.

Unpreserved issues are reviewed for plain error affecting respondent's substantial rights. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).[1]

---

[1] Although this Court recently held that the plain-error rule does not apply to civil cases, *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 5, in *In re MAT*, ___ Mich App ___, ___ n ___; ___ NW3d ___ (2024) (Docket No. 369255); slip op at 3 n 1, this Court held that the restriction in *Tolas Oil* "does

To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice. Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error . . . seriously affected the fairness, integrity or public reputation of judicial proceedings . . . ." [*Id*. at 763-764 (quotation marks and citations omitted).]

The Mental Health Code defines a "person requiring treatment" as:

(b) An individual who has mental illness, and who as a result of that mental illness is unable to attend to those of his or her basic physical needs such as food, clothing, or shelter that must be attended to in order for the individual to avoid serious harm in the near future, and who has demonstrated that inability by failing to attend to those basic physical needs.

(c) An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others. [MCL 330.1401(1)(b) to (c).]

Under MCL 330.1465, the trial court "shall not find that an individual is a person requiring treatment unless that fact has been established by clear and convincing evidence." Evidence is "clear and convincing" when it produces "in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *In re Martin*, 450 Mich 204, 227; 538 NW2d 399 (1995).

In the present case, the trial court indicated in its order that respondent's assisted outpatient treatment services shall be supervised by CMH, located in Ypsilanti, Michigan. During trial, respondent testified that her psychiatrist, who she had been seeing for the past four years, was located in St. Joseph, Michigan. A preponderance of the evidence must "support the probate court's findings with respect to its determinations regarding an individual's treatment and placement." *In re Portus*, 325 Mich App at 393. Respondent testified at trial that she lives in Ann Arbor, located approximately 150 miles from St. Joseph, and approximately 8 miles from Ypsilanti. Furthermore, Dr. Schultz's testimony demonstrated that, although respondent was seeing her psychiatrist every three months, at the time of her admission to the psychiatric

---

not apply to civil-commitment proceedings, which present different constitutional considerations than traditional civil cases."

emergency room, respondent was exhibiting "episodes of agitation, lack of sleep, pressured speech, and delusions at times." CMH is not only much closer in distance from respondent, but respondent's placement there was necessary, considering that regular visits with her psychiatrist did not prevent her admission to the psychiatric emergency room. Respondent argues that she could have treated with her doctor's via videoconferencing, which would have made the distance between her home and her providers irrelevant. However, the trial court's finding that respondent should be treated at CMH rather than with her own psychiatrist was supported by a preponderance of the evidence, see *id.*, and was not plain error affecting respondent's substantial rights, see *Carines*, 460 Mich at 763-764.

Furthermore, Dr. Schultz's testimony was clear and convincing in demonstrating that respondent was a person in need of treatment under MCL 330.1401(1)(b). See MCL 330.1465. Dr. Schultz's testimony that respondent was refusing to take her medications, was not sleeping, was exhibiting pressured speech, and refused to urinate in the hospital bathroom, resulting in her urinating on the floor, demonstrated that respondent was unable to attend to her basic physical needs. See MCL 330.1401(1)(b). This testimony also showed that respondent presented "a substantial risk of significant physical or mental harm" to herself. MCL 330.1401(1)(c). Accordingly, the trial court did not plainly err by relying on Dr. Schultz's testimony to find that respondent was a person in need of treatment by clear and convincing evidence. See *id*.

Finally, respondent argues that her right to due process under the Fourteenth Amendment to the Constitution of the United States was violated in this matter because petitioner has not yet filed an assisted outpatient treatment plan in violation of MCL 330.1468(3), which states:

> In developing an assisted outpatient treatment plan, a psychiatrist shall supervise the preparation and implementation of the assisted outpatient treatment plan. The assisted outpatient treatment plan shall be completed within 30 days after entry of the court's order of assisted outpatient treatment and a copy shall be forwarded to the probate court for filing within 3 days after completion of the plan to be maintained in the court file.

However, the record demonstrates that Dr. Schultz, a psychiatrist, testified at the hearing on March 20, 2024, and that an Initial Order After Hearing On Petition For Mental Health Treatment was entered that same day by the court, which contained a plan for assisted outpatient treatment services that was to be supervised by Washtenaw County Community Mental Health or other designated entity. Under those circumstances, we cannot hold that petitioner failed to comply with MCL 330.1468(3) nor can we hold that respondent's right to due process was violated.

Affirmed.

/s/ Michael J. Kelly
/s/ Anica Letica
/s/ Randy J. Wallace

-6-